# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00206-CR

**Ex parte Rizwan Ali**

### NO. 03-10-00207-CR

**Ex parte Aftab Ali**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NOS. 08-04657-1 & 08-4653-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Rizwan Ali and Aftab Ali applied for writs of habeas corpus in the county court at law seeking to have their misdemeanor convictions for delivering drug paraphernalia set aside. In these appeals, they allege that the court erred by denying the relief sought. Without reaching the merits of the Alis' contentions, we reverse the trial court's orders and remand for further proceedings.

Warrant affidavits in the clerk's records reflect that on March 28, 2008, an undercover officer entered a convenience store in Taylor and asked Aftab Ali, the counter clerk, for a "brown bag special." Ali immediately took a "glass pen" and small pieces of Brillo pad from a concealed

location behind the counter, placed them in a brown bag along with a lighter, and handed the bag to the officer in exchange for an unspecified payment. On April 22, 2008, the officer returned to the store and engaged in a similar transaction, this time with Rizwan Ali.

Informations were subsequently filed accusing the Alis of intentionally or knowingly delivering drug paraphernalia that they knew was intended to be used to inhale a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.125(b) (West 2010). On February 9, 2009, the Alis appeared in the county court at law with counsel and entered pleas of guilty. The clerk's records contain written admonishments signed by the Alis and their attorney complying with article 26.13. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2010). The Alis told the court that they had read and signed the admonishments with their attorney, and that they understood them. The court accepted the pleas and adjudged the Alis guilty. As called for in the Alis' plea bargains with the State, the court assessed the punishment in each case at 180 days in jail and a $4000 fine, suspended imposition of sentence, and placed the Alis on community supervision for twelve months.

On February 2, 2010, the Alis, represented by new counsel, filed habeas corpus applications in the trial court seeking to have their convictions set aside. The Alis alleged that their guilty pleas had not been knowingly and voluntarily made because their attorney at the time did not provide them with constitutionally adequate legal advice. Specifically, they claimed that their trial attorney did not investigate the facts of the case or advise them of possible defenses, and that he gave them erroneous advice regarding the effect a guilty plea would have on their residency status.

In affidavits attached to each writ application, the Alis stated that they came to the United States from Pakistan with their family when they were nine and ten years old. The Alis stated

2

that they had never used drugs, that the store manager had instructed them on how to prepare "brown bag specials," and that they did not know that these items constituted drug paraphernalia. The affidavits stated that in the Alis' brief meetings with their trial attorney, they did not discuss the circumstances of the alleged offenses or any possible defenses to the allegations. In his affidavit, Rizwan Ali said that he told the attorney that he was a legal permanent resident of the United States and did not want to jeopardize that status in any way. In his affidavit, Aftab Ali said that he told the attorney that he had a pending application for permanent residency and that it was important that he not be deported. Both affidavits state that the attorney informed the Alis that if they accepted the prosecutor's offer and pleaded guilty, they would not face any immigration problems. According to the affidavits, the attorney advised them that immigration problems would arise only if they were to plead guilty to a felony or if they received a sentence of imprisonment that was in excess of one year. The affidavits state that counsel assured them that they would have no immigration problems because they were to plead guilty to misdemeanors and receive sentences of less than one year.

The State filed no response to the writ applications. The trial court did not receive evidence, hear argument, or otherwise conduct a hearing on the applications. On March 8, 2010, the court signed a written order in each cause stating, "The Court having reviewed the Application with the attached exhibits and the court file finds the Application should in all respects be DENIED. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED the Applicant's relief requested in the Application for Writ of Habeas Corpus is DENIED." The Alis filed timely notices of appeal.

Under traditional Texas practice, a writ of habeas corpus issues only upon the order of the court to which the application is addressed, and there is no right to appeal if the court refuses to issue the writ. *Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008); *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). In 2003, however, the legislature enacted code of criminal procedure article 11.072 to "establish[] the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (West 2005). Article 11.072 "represents a significant departure from prior writ law" in that the writ issues by operation of law when the application is filed in the convicting court, thus eliminating the court's discretion to refuse to issue a writ. *Id*., § 4(a); *Villanueva*, 252 S.W.3d at 397. Under the statute, the court must enter a written order granting or denying the relief sought, that is, an order reaching the merits of the writ application. Art. 11.072, § 6. If the court determines that the applicant is manifestly entitled to no relief, it shall enter a written order denying the application as frivolous. *Id*. § 7(a). Otherwise, the court's written order granting or denying relief must include findings of fact and conclusions of law. *Id*. The court's order is appealable. *Id*. § 8.

The legislature intended article 11.072 to be the exclusive means by which trial courts exercise their original habeas corpus jurisdiction in the cases to which it applies. *Villanueva*, 252 S.W.3d at 397. Although the Alis' writ applications did not expressly invoke article 11.072, the statute clearly applies to these causes because the Alis were or had been on community supervision, and their applications challenged the legal validity of the judgments of conviction for which community supervision was imposed. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 2(b)(1). We

4

conclude therefore that these causes are governed by article 11.072 and that the trial court's orders were appealable.

It does not appear that the procedures specified by article 11.072 were followed below. Insofar as the trial court's orders purport to deny issuance of the writ without addressing the merits of the applications, they are inconsistent with article 11.072, sections 4(a) and 6, and they do not comply with section 7(a). We reverse the orders and remand the causes for further proceedings consistent with article 11.072.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Henson

Reversed and Remanded

Filed:   December 16, 2010

Do Not Publish