TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00206-CR






Ex parte Rizwan Ali



 




NO. 03-10-00207-CR






Ex parte Aftab Ali







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NOS. 08-04657-1 & 08-4653-1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Rizwan Ali and Aftab Ali applied for writs of habeas corpus in the county court at
law seeking to have their misdemeanor convictions for delivering drug paraphernalia set aside. In
these appeals, they allege that the court erred by denying the relief sought. Without reaching
the merits of the Alis' contentions, we reverse the trial court's orders and remand for
further proceedings.

Warrant affidavits in the clerk's records reflect that on March 28, 2008, an undercover
officer entered a convenience store in Taylor and asked Aftab Ali, the counter clerk, for a "brown
bag special." Ali immediately took a "glass pen" and small pieces of Brillo pad from a concealed
location behind the counter, placed them in a brown bag along with a lighter, and handed the bag to
the officer in exchange for an unspecified payment. On April 22, 2008, the officer returned to the
store and engaged in a similar transaction, this time with Rizwan Ali.

Informations were subsequently filed accusing the Alis of intentionally or knowingly
delivering drug paraphernalia that they knew was intended to be used to inhale a controlled
substance. See Tex. Health & Safety Code Ann. § 481.125(b) (West 2010). On February 9, 2009,
the Alis appeared in the county court at law with counsel and entered pleas of guilty. The clerk's
records contain written admonishments signed by the Alis and their attorney complying with
article 26.13. See Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2010). The Alis told the court
that they had read and signed the admonishments with their attorney, and that they understood them. 
The court accepted the pleas and adjudged the Alis guilty. As called for in the Alis' plea bargains
with the State, the court assessed the punishment in each case at 180 days in jail and a $4000 fine,
suspended imposition of sentence, and placed the Alis on community supervision for twelve months.

On February 2, 2010, the Alis, represented by new counsel, filed habeas corpus
applications in the trial court seeking to have their convictions set aside. The Alis alleged that their
guilty pleas had not been knowingly and voluntarily made because their attorney at the time did not
provide them with constitutionally adequate legal advice. Specifically, they claimed that their trial
attorney did not investigate the facts of the case or advise them of possible defenses, and that he gave
them erroneous advice regarding the effect a guilty plea would have on their residency status.

In affidavits attached to each writ application, the Alis stated that they came to the
United States from Pakistan with their family when they were nine and ten years old. The Alis stated
that they had never used drugs, that the store manager had instructed them on how to prepare "brown
bag specials," and that they did not know that these items constituted drug paraphernalia. The
affidavits stated that in the Alis' brief meetings with their trial attorney, they did not discuss the
circumstances of the alleged offenses or any possible defenses to the allegations. In his affidavit,
Rizwan Ali said that he told the attorney that he was a legal permanent resident of the United States
and did not want to jeopardize that status in any way. In his affidavit, Aftab Ali said that he told the
attorney that he had a pending application for permanent residency and that it was important that he
not be deported. Both affidavits state that the attorney informed the Alis that if they accepted the
prosecutor's offer and pleaded guilty, they would not face any immigration problems. According
to the affidavits, the attorney advised them that immigration problems would arise only if
they were to plead guilty to a felony or if they received a sentence of imprisonment that was in
excess of one year. The affidavits state that counsel assured them that they would have no
immigration problems because they were to plead guilty to misdemeanors and receive sentences of
less than one year.

The State filed no response to the writ applications. The trial court did not receive
evidence, hear argument, or otherwise conduct a hearing on the applications. On March 8, 2010, the
court signed a written order in each cause stating, "The Court having reviewed the Application with
the attached exhibits and the court file finds the Application should in all respects be DENIED. IT
IS THEREFORE ORDERED, ADJUDGED AND DECREED the Applicant's relief requested in
the Application for Writ of Habeas Corpus is DENIED." The Alis filed timely notices of appeal.

Under traditional Texas practice, a writ of habeas corpus issues only upon the order
of the court to which the application is addressed, and there is no right to appeal if the court refuses
to issue the writ. Ex parte Villanueva, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008); Ex parte
Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). In 2003, however, the legislature enacted
code of criminal procedure article 11.072 to "establish[] the procedures for an application for a writ
of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order
or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann.
art. 11.072, § 1 (West 2005). Article 11.072 "represents a significant departure from prior writ law"
in that the writ issues by operation of law when the application is filed in the convicting court, thus
eliminating the court's discretion to refuse to issue a writ. Id., § 4(a); Villanueva, 252 S.W.3d at
397. Under the statute, the court must enter a written order granting or denying the relief sought, that
is, an order reaching the merits of the writ application. Art. 11.072, § 6. If the court determines that
the applicant is manifestly entitled to no relief, it shall enter a written order denying the application
as frivolous. Id. § 7(a). Otherwise, the court's written order granting or denying relief must include
findings of fact and conclusions of law. Id. The court's order is appealable. Id. § 8.

The legislature intended article 11.072 to be the exclusive means by which trial courts
exercise their original habeas corpus jurisdiction in the cases to which it applies. Villanueva,
252 S.W.3d at 397. Although the Alis' writ applications did not expressly invoke article 11.072, the
statute clearly applies to these causes because the Alis were or had been on community supervision,
and their applications challenged the legal validity of the judgments of conviction for which
community supervision was imposed. See Tex. Code Crim. Proc. Ann. art. 11.072, § 2(b)(1). We
conclude therefore that these causes are governed by article 11.072 and that the trial court's orders
were appealable.

It does not appear that the procedures specified by article 11.072 were followed
below. Insofar as the trial court's orders purport to deny issuance of the writ without addressing the
merits of the applications, they are inconsistent with article 11.072, sections 4(a) and 6, and they do
not comply with section 7(a). We reverse the orders and remand the causes for further proceedings
consistent with article 11.072.



 ___________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Henson

Reversed and Remanded

Filed: December 16, 2010

Do Not Publish