COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Ex Parte David Vasquez

Appellate case number:        01-14-00613-CR

Trial court case number:      1324512-A

Trial court:                  232nd Judicial District Court of Harris County


Appellant, David Vasquez, filed this appeal of the trial court's denial of his post-conviction application for a writ of habeas corpus through appellate counsel on July 10, 2014. Appellant argues that his trial counsel provided ineffective assistance by failing to advise him that he faced mandatory deportation as a result of his guilty plea to possession of a controlled substance for which he received deferred adjudication of two years of community supervision, pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010). Although the trial court heard testimony at a writ hearing on July 2, 2014, and denied habeas relief in a Court Directive Order on the same day, no findings of fact or conclusions of law were entered in that order or with the clerk's record filed on July 24, 2014, as required by Texas Code of Criminal Procedure Article 11.072, § 7(a).

Accordingly, we abate the appeal and remand for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the trial court's denial of appellant's application for a writ of habeas corpus. *See Ex Parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (reversing and remanding the habeas denial because "[i]f the [trial] court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous," but "[t]he trial judge is required to enter findings of fact and conclusions of law along with a written order in all other cases") (citing, *inter alia*, TEX. CODE CRIM. PROC. art. 11.072, § 7(a)); *see also Ex Parte Zantos-Cuebas*, 429 S.W.3d 83, 91-92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (reversing and remanding a habeas denial for the trial court to enter findings of fact and

conclusions of law after holding that the trial court had erred in denying the application as frivolous); TEX. R. APP. P. 44.4(b).

The trial court shall make the appropriate findings and conclusions and shall cause them to be filed with the trial court clerk within 20 days of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within 30 days of the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court. Appellant will be permitted to file a brief, if any, within 10 days after the supplemental clerk's record is filed in this Court and, if no brief is filed, this Court may set this appeal for submission without briefs.

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley
⊠ Acting individually

Date: October 2, 2014