COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Ex Parte Muhammad Saadan Ahshan

Appellate case number:        01-14-00815-CR

Trial court case number:      1433456

Trial court:                  228th Judicial District Court of Harris County

Appellant, Muhammad Saadan Ahshan, filed this appeal of the trial court's denial of his pre-trial application for a writ of habeas corpus invoking double jeopardy through appellate counsel on September 26, 2014. In his writ, appellant argues that, after his motion for a mistrial was granted on February 18, 2014, during his first trial, the State's retrial of him for the charge of assault on a family member — impeding breathing charge is barred by the Double Jeopardy Clause, pursuant to *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982) (reversing and remanding a habeas grant by the appellate court because the trial court had made factual findings as to whether the prosecutor had engaged in conduct that was "intended to provoke the defendant into moving for a mistrial.")

Although the trial court held a hearing on September 22, 2014, and denied the writ invoking double jeopardy in a Court Directive Order on the same day, no findings of fact or conclusions of law were entered in that order or with the clerk's record filed on October 6, 2014. While this pre-trial writ invoking double jeopardy does not fall under the procedures for an Article 11.072 community supervision habeas writ, which require written findings and conclusions if the trial court does not dismiss the petition as frivolous, it should enter such findings and conclusions because the trial court held a hearing here. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2013).

Accordingly, we abate the appeal and remand for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the trial court's denial of appellant's

application for a writ of habeas corpus invoking double jeopardy.  *See Ex Parte Lewis*, 219 S.W.3d 335, 370-72 (Tex. Crim. App. 2007) (reversing and remanding a double jeopardy habeas denial for analysis under *Kennedy*, 456 U.S. at 679); *see also Ex Parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (reversing and remanding the community supervision habeas writ denial because "[i]f the [trial] court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous," but "[t]he trial judge is required to enter findings of fact and conclusions of law along with a written order in all other cases") (citations omitted); TEX. R. APP. P. 44.4(b).

The trial court shall make the appropriate findings of fact and conclusions and shall cause them to be filed with the trial court clerk within 20 days of the date of this order.  We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within 30 days of the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.  Appellant will be permitted to file a brief, if any, within 10 days after the supplemental clerk's record is filed in this Court and, if no brief is filed, this Court may set this appeal for submission without briefs.

It is so **ORDERED**.

Judge's signature: /s/ Evelyn V. Keyes
         ☐ ☒ Acting individually     ☐ Acting for the Court

Date:  October 16, 2014

2