

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1836-06

---

### EX PARTE ARMANDO QUINTANA VILLANUEVA, Applicant

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

---

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

The court of appeals held that it did not have jurisdiction over Armando Quintana

Villanueva's appeal from the trial judge's decision to deny his Article 11.072 application for

a writ of habeas corpus as frivolous because the trial judge refused to consider the merits of

Villanueva's claims.[1] We reverse the court of appeals's decision and remand this case so that

the court can determine whether it has jurisdiction to consider Villanueva's appeal under

---

[1] *Villanueva v. State*, No. 13-05-00114-CR, 2006 Tex. App. LEXIS 7247, at *2-3
(Tex. App.—Corpus Christi Aug. 17, 2006) (not designated for publication).

Article, 11.072, Section 8, which governs the right to appeal.[2]

## Background

In 2000, Villanueva pled guilty to the Class A misdemeanor offense of assault. The trial judge accepted Villanueva's plea, found Villanueva guilty, and assessed Villanueva's punishment at one year imprisonment and a $10,000 fine. The trial judge then suspended the term of imprisonment and placed Villanueva on community supervision for two years.

In 2004, approximately two years after his community-supervision term expired, Villanueva filed an application for a writ of habeas corpus under Article 11.072, Texas Code of Criminal Procedure, requesting that the trial judge set aside his conviction and sentence. Villanueva claimed that his guilty plea was unknowing and involuntary and that he received ineffective assistance of counsel.

Concluding that the application was frivolous, the trial judge, without a hearing, entered an order on December 27, 2004, denying relief under Article 11.072, Section 7(a), which allows a trial judge to summarily enter an order denying an application as frivolous if the judge concludes, after a preliminary review of the application, that "the applicant is manifestly entitled to no relief[.]"[3] On January 12, 2005, Villanueva requested, in writing, that the trial judge enter specific findings of fact and conclusions of law concerning the allegations raised in his habeas application. On the same day, Villanueva also filed a notice

---

[2] T EX. CODE CRIM. PROC. ANN. art. 11.072 § 8 (Vernon 2005).

[3] T EX. CODE CRIM. PROC. ANN. art. 11.072 § 7(a).

of appeal.

On January 20, 2005, the trial judge entered an order denying Villanueva's request for findings and conclusions and a second order denying his application as frivolous. In denying Villanueva's application for a second time, the judge explained that he wanted to enter an order that more clearly reflected his intentions. This time, the judge stated that it was unnecessary to reach the merits of Villanueva's claims because Villanueva failed to present any evidence showing that his liberty was restrained as a result of his assault conviction. Villanueva filed a second notice of appeal, and the trial judge certified his right to appeal in February.

Before the Corpus Christi Court of Appeals, Villanueva challenged the trial judge's decision to deny relief.[4] In an unpublished memorandum opinion, the court dismissed the appeal for lack of jurisdiction because the trial judge did not rule on the merits of Villanueva's habeas claims.[5] In rendering its decision, the court relied on the Austin Court of Appeals's opinion in *Ex parte Gonzales*,[6] which in turn relied on our opinion in *Ex parte Hargett*.[7]

In *Ex parte Hargett*, Hargett, the applicant, filed an application for a writ of habeas

---

[4] *Villanueva*, 2006 Tex. App. LEXIS, at *1.

[5] *Id.* at *2.

[6] *Id.* (citing *Ex parte Gonzales*,12 S.W.3d 913, 914-15 (Tex. App.—Austin 2000, pet. ref'd)).

[7] 819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991).

corpus pursuant to Article V, Section 8 to the Texas Constitution, claiming that the State breached his plea bargain agreement and that he was denied his constitutional right to effective assistance of counsel.[8]  We granted review to determine whether the court of appeals erred in dismissing Hargett's appeal for lack of jurisdiction because it incorrectly concluded that the trial judge had refused to issue the writ.[9]

We agreed with the court of appeals's determination that no writ had issued but held that it erred in concluding that it was without jurisdiction to hear Hargett's appeal.[10]  After conducting an independent review of the record, we determined that, although the trial judge did not formally issue the writ, the trial judge did deny relief after reviewing the merits of Hargett's allegations.[11]

In holding that the court of appeals erred in ruling that it lacked jurisdiction, we considered the applicable, longstanding rule of law concerning the right to appellate review—that "no appeal can be had from a refusal to issue or grant a writ of habeas corpus even after a hearing."[12]  Clarifying the meaning of "hearing," we said that a hearing held to

---

[8]  *Id*. at 867.

[9]  *Id*.

[10]  *Id*. at 868-69.

[11]  *Id*. at 868.

[12]  *Id*.; *see generally* 43A Dix and Dawson, Criminal Practice and Procedure §§ 47.54-47.55 (2d ed. 2001) (discussing the origination and continued development of this rule).

determine whether a writ should issue or whether the merits of claims should be addressed is not the same as one that is held to resolve the merits of an applicant's allegations.[13] Only when a hearing is held on the merits of an applicant's claims and there is a ruling on the merits of the claims may a losing party appeal.[14] However, when a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal.[15] In such cases, the applicant has two remedies: first, to present the application to another trial judge with jurisdiction; or second, to file an application for a writ of mandamus.[16] Determining that the trial judge's failure to explicitly issue the writ or hold a hearing on the merits of Hargett's claims was inconsequential, we held that Hargett's appeal was authorized because an "appeal can be had from a district court order denying an applicant relief on the merits of his claims."[17] As a result, we remanded the case to the court of appeals to consider the merits of Hargett's claims.[18]

Applying *Ex parte Hargett* in *Ex parte Gonzales*, the Austin Court of Appeals held that it did not have jurisdiction to hear the applicant's appeal from the trial judge's decision

---

[13] *Hargett*, 819 S.W.2d at 868.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.* at 868-69.

[18] *Id.* at 869.

to deny his writ application without a hearing after issuing an order granting his writ.[19]  In doing so, the court observed that, when a trial judge refuses to issue a writ or denies a hearing on the merits, an applicant has no right to appeal.[20]  The court then concluded: "Because the court did not consider and resolve the merits of [the applicant's] habeas corpus application, we are constrained to hold that we are without appellate jurisdiction."[21]

We granted Villanueva's petition for discretionary review to determine whether the Corpus Christi Court of Appeals erred in holding that it did not have jurisdiction to entertain Villanueva's appeal.  We also granted review to decide whether the court of appeals erred in rendering a judgment on the December 27, 2004, order denying relief when the trial judge entered a second order denying relief on January 20, 2005.

**Analysis**

Article I, Section 12 to the Texas Constitution commands: "The writ of habeas corpus is a writ of right, and shall never be suspended."[22]  It further directs the Legislature to "enact laws to render the remedy speedy and effectual."[23]  Article V, Section 8 to the Texas Constitution confers district courts with "exclusive, appellate, and original jurisdiction of all

---

[19]  12 S.W.3d at 913-15.

[20]  *Id.* at 915.

[21]  *Id.*

[22]  T EX. CONST. Art. I § 12.

[23]  *Id.*

actions, proceedings, and remedies, except in cases where exclusive, appellate, or original

jurisdiction may be conferred by this Constitution or other law on some other court, tribunal,

or administrative body."[24]  Under its original jurisdiction, a district court possesses "plenary

power to grant writs of habeas corpus."[25]

In its original form, the rule governing the right to appellate review provided that there

is no right to appeal from the refusal to issue or grant a writ of habeas corpus.[26]  This rule

derived from the Texas Supreme Court's interpretation of the Code of Criminal Procedure

in 1865 in *Ex parte Ainsworth*[27] and was first applied by this Court in 1895 in *Ex parte*

*Strong*.[28]  In concluding that no appeal lies from the refusal to issue or grant a writ of habeas

corpus, the *Ainsworth* Court observed that a trial judge's refusal to issue or grant a writ is not

an appealable judgment.[29]  This is so because the issuance of a writ is a necessary

prerequisite to the exercise of a court's original jurisdiction.[30]  The right to appeal vests only

---

[24] T EX. CONST. Art. V § 8.

[25] *Ex parte Hargett*, 819 S.W.2d at 867.

[26] *Ex parte Ainsworth,* 27 Tex. 731, 732-33 (Tex. 1865); *see also* 43A Dix and Dawson, Criminal Practice and Procedure § 47.54.

[27] *Id.*

[28] 30 S.W. 666, 666 (Tex. Crim. App 1895); *see also* 43A Dix and Dawson, Criminal Practice and Procedure § 47.55.

[29] *Ex parte Ainsworth,* 27 Tex. at 732-33.

[30] *Ex parte Renier*, 734 S.W.2d 349, 357 (Tex. Crim. App. 1987) (Teague, J., dissenting).

when there is a final judgment or order.[31] Thus, an appeal may be prosecuted when a judge issues a ruling on the merits.[32] Since *Ex parte Strong*, the rule has been regularly and consistently applied.[33] Consistent with our precedent, *Hargett* explained that an appeal is authorized after a trial judge disposes of an application for a writ of habeas corpus seeking relief under Article V, Section 8, if the judge made a ruling on the merits of an applicant's claims.[34] And although we noted that no writ had formally issued,[35] we implicitly recognized that in ruling on the merits the trial judge had, in effect, issued the writ.

In 2003, the Legislature enacted Article 11.072, titled "Procedure in Community Supervision Case."[36] Article 11.072, Section 1 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."[37] An application filed under Article 11.072 "must be filed with the district clerk of the court in

---

[31] *Id.* at 357 (Teague, J., dissenting); *Thomas v. State*, 40 Tex. 6, 7 (Tex. 1874).

[32] *Ex parte Renier*, 734 S.W.2d at 357 (Teague, J., dissenting); *Nelly v. State*, 255 S.W.2d 522, 373-74 (Tex. Crim. App. 1953).

[33] *Ex parte Hargett*, 819 S.W.2d at 868 (citing *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981)).

[34] *Id.* at 868-69.

[35] *Id.* at 868.

[36] Added by Acts 2003, 78th Leg., ch. 587, § 1, eff. June 20, 2003.

[37] TEX. CODE CRIM. PROC. ANN. art. 11.072 § 1.

which community supervision was imposed."[38] The statute permits a person who is serving or who has completed a term of community supervision to file an application for a writ of habeas corpus.[39] The application must attack the "legal validity" of "(1) the conviction for which or order in which community supervision was imposed; or "(2) the conditions of community supervision."[40] A writ of habeas corpus "issues by operation of law" when the application is filed.[41] If the State files an answer, the trial judge must enter a written order granting or denying relief no "later than the 60th day after the day on which the state's answer is filed[.]"[42] "If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous."[43] The trial judge is required to enter findings of fact and conclusions of law along with a written order in all other cases.[44]

An "applicant may appeal under Article 44.02 and Rule 31, Texas Code of Appellate Procedure" if the trial judge "denied the application in whole or in part."[45] And the State

---

[38]TEX. CODE CRIM. PROC. ANN. art. 11.072 § 2(a).

[39]TEX. CODE CRIM. PROC. ANN. art. 11.072 § 2(b).

[40]TEX. CODE CRIM. PROC. ANN. art. 11.072 § 2(b)(1)-(2).

[41]TEX. CODE CRIM. PROC. ANN. art. 11.072 § 4(a).

[42]TEX. CODE CRIM. PROC. ANN. art. 11.072 § 6(a).

[43]TEX. CODE CRIM. PROC. ANN. art. 11.072 § 7(a).

[44] *Id.*

[45]TEX. CODE CRIM. PROC. ANN. art. 11.072 § 8.

"may appeal under Article 44.01 and Rule 31" if the trial judge granted the application "in whole or part."[46]

Finally, like Article 11.07, Section 4, and Article 11.071, Section 5, Article 11.072, Section 9 restricts the circumstances under which a court can consider the merits of claims raised in a subsequent application:

> (a) If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.
>
> (b) For purposes of Subsection (a), a legal basis of a claim is unavailable on or before a date described by that subsection if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.
>
> (c) For purposes of Subsection (a), a factual basis of a claim is unavailable on or before a date described by that subsection if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.[47]

Before Article 11.072 came into effect, Article V, Section 8 of the Texas Constitution provided the only avenue through which an individual serving a term of community

---

[46] *Id.*

[47] TEX. CODE CRIM. PROC. ANN. art. 11.072 § 9.

supervision or who completed a term of community supervision could pursue habeas relief.[48] The plain language of Article I, Section 12 to Texas Constitution gives the Legislature the authority to define the scope of a court's original habeas jurisdiction.[49]  Thus, short of suspending the writ, the Legislature may regulate how a court exercises its original habeas jurisdiction by enacting particular procedural mechanisms that govern the submission and presentation of an application for writ of habeas corpus.[50]  When an application is presented in compliance with the statutory procedural requirements fixed by the Legislature, the judiciary, in the exercise of its core functions, is then responsible for resolving the merits of an applicant's substantive claims.[51]

By enacting Article 11.072, it is clear that the Legislature intended Article 11.072 to provide the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8 of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a

---

[48] *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998); *Ex parte Hargett*, 819 S.W.2d at 867; *see also Ex parte Golden*, 991 S.W.2d 859, 863, 863 n.1 (Tex. Crim. App. 1999) (Womack, J., concurring, joined by McCormick, P.J., and Keller and Holland, JJ.).

[49] *Cf. Ex parte Golden*, 991 S.W.2d at 861 (citing *Ex parte Davis*, 947 S.W.2d 216, 221-23 (Tex. Crim. App. 1996) (opinion of McCormick, P.J.)).

[50] *Ex parte Davis*, 947 S.W.2d at 223-24 (opinion of McCormick, P.J.).

[51] *Id.* at 224; *Ex parte Carrio*, 992 S.W.2d 486, 490 (Tex. Crim. App. 1999) (Meyers, J., dissenting).

term of community supervision.[52]   Section 4, which states that the writ issues by operation of law, represents a significant departure from prior writ law that allowed a judge, in his or her discretion, to refuse to issue a writ.  As stated above, under the rule discussed in *Hargett*, when the trial judge refused to issue a writ, an applicant had no right to appeal.  In providing for automatic issuance, it is evident that Section 4 was enacted with the specific purpose of eliminating a trial judge's discretion to refuse to issue a writ.  Taken together, Sections 4 and 8 signify that the rule governing appellate review that was most recently clarified in *Hargett* in 1991 and employed by the Austin Court of Appeals in *Ex parte Gonzales* in 2000 no longer applies to applications for a writ of habeas corpus filed by a person who is serving or who has served a community supervision term.   Accordingly, the rule discussed in *Hargett*—to the extent that it applies to an appeal from the disposal of an 11.072 application for a writ of habeas corpus filed by a person on community supervision or who has completed a term of community supervision—has been superceded by Sections 4 and 8 of Article 11.072.  Against this backdrop, we are compelled to conclude that Section 8 of Article 11.072 plainly regulates an applicant's right to appeal.  Therefore, the appealability of an application for writ of habeas corpus filed under Article 11.072 following a disposition by the district court is controlled by Section 8 of Article 11.072.

---

[52]   *Cf. Ex parte Smith*, 977 S.W.2d 610, 611 (Tex. Crim. App. 1998), *overruled on other grounds* (quoting *Ex parte Davis*, 947 S.W.2d at 221, 223 (opinion of McCormick, P.J.)); *see also Ex parte Renier*, 734 S.W.2d at 362 (Teague, J., dissenting).

In this case, when dismissing Villanueva's appeal for lack of jurisdiction, the court of appeals did not apply Section 8 of Article 11.072, even though it recognized that Villanueva's application for a writ of habeas corpus was filed pursuant to Article 11.072.[53] Instead, the court relied solely on the rule addressing the right to appellate review that was examined in *Hargett*.[54] Therefore, we remand this case so that the court of appeals can address the merits of the appeal.[55] In doing so, the court shall consider the plain language of Article 11.072, Section 8.[56]

Finally, we dismiss as improvidently granted Villanueva's claim relating to the propriety of the court of appeals's decision to render a judgment on the trial judge's first order, entered on December 27, 2005, denying relief. Notably, we cannot discern from the record which order—the December 27, 2005 order or the January 20, 2005 order—that the court of appeals considered in making its decision. Any issue regarding which order is properly before the court of appeals should be raised on remand.

## Conclusion

Based on the foregoing, we reverse the judgment of the court of appeals and remand this case for proceedings consistent with this opinion.

---

[53] *Villanueva*, 2006 Tex. App. LEXIS, at *1-3.

[54] *Id.* at *2.

[55] *Lee v. State*, 791 S.W.2d 141, 142 (Tex. Crim. App. 1990); *State v. Consaul*, 982 S.W.2d 899, 902 (Tex. Crim. App. 1998) (Price, J., concurring).

[56] *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991).

DATE DELIVERED: April 30, 2008
PUBLISH