

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,693

### Ex parte RODNEY REED, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### IN CAUSE NO. 8701 IN THE 21ST DISTRICT COURT
### BASTROP COUNTY

**PRICE, J., filed a concurring opinion.**

### CONCURRING OPINION

I join the Court's opinion. I write separately only to briefly address Presiding Judge

Keller's objection to the Court's discussion of the respective fact-finding roles of this Court

and the convicting court. The Presiding Judge's view, if accepted, would relegate this Court

to the status of an appellate court. But in the post-conviction context, the Texas Constitution

and the Legislature have vested us with original jurisdiction.[1] I must therefore reject the Presiding Judge's view that we owe unqualified deference to the convicting court's findings of fact under any and every set of circumstances in which those findings are supported by the record. While I believe that as a matter of "efficiency, effectiveness, and comity" it is usually the better practice to defer to the findings of the convicting court, for all the reasons typically articulated for affording deference to the court in which live evidence was originally adduced, it is also important to continue to acknowledge, as the Court does today, that, in the post-conviction habeas context, that deference is never absolute.[2]

---

[1]  *See* TEX. CONST. art V, § 5(c) ("Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus[.]"); TEX. CODE CRIM. PROC. art. 11.07, § 3(a) ("After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."); TEX. CODE CRIM. PROC. art. 11.071, § 6(a) ("If a timely application for a writ of habeas corpus is filed in the convicting court, a writ of habeas corpus, returnable to the court of criminal appeals, shall issue by operation of law."); *Ex parte Renier*, 734 S.W.3d 349, 359 (Tex. Crim. App. 1987) (Teague, J., dissenting) (since 1943, statutory scheme vests authority exclusively in Court of Criminal Appeals to grant relief in post-conviction habeas corpus in felony cases); *Ex parte Davis*, 947 S.W.2d 216, 223 (McCormick, J., concurring ) (Article 11.071 provides exclusive means by which this Court may exercise its original habeas corpus jurisdiction in capital cases); *Ex parte Smith*, 977 S.W.2d 610, 611 n.4 (Tex. Crim. App. 1998) (McCormick's separate opinion in *Davis* may be regarded as an opinion of the Court); *Ex parte Thompson*, ___ S.W.3d ___ (Tex. Crim. App., No. AP-75,720, 2008 WL 696476, delivered March 5, 2008) (slip op. at *2, n.8 (same); *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) ("short of suspending the writ, the Legislature may regulate how a court exercises its original habeas jurisdiction by enacting particular procedural mechanisms that govern the submission and presentation of an application for writ of habeas corpus.").

[2]  *See*, *e.g.*, *Ex parte Simpson*, 136 S.W.3d 660, 669 (Tex. Crim. App. 2004) ("It is generally fruitless, if not counterproductive, to file original evidentiary materials relating to a habeas claim with this Court rather than the trial court. *Although we might have the implicit authority to consider evidentiary materials filed directly with this Court*, normal jurisprudential considerations of efficiency, effectiveness, and comity to the habeas court counsel against such consideration. Because applicant has failed to offer proof of any compelling or extraordinary circumstances, we decline to consider the evidentiary materials

Articles 11.07 and 11.071 of the Texas Code of Criminal Procedure make post-conviction applications for writ of habeas corpus in felony (including capital) cases, though filed in the convicting court, returnable to this Court. Because this Court lacks the capacity to develop live testimony, it is a matter of convenience only that such writs are filed in the convicting court in the first instance; original jurisdiction to resolve the matter lies with this Court.[3] The convicting court's statutorily contemplated findings of fact are no more than well-informed recommendations. And though there is rarely any good reason not to follow them when they are supported by the evidence adduced in the convicting court, there is no absolute requirement that we follow them, *even if supported by the evidence*, when the evidence also supports a different finding that we have reason to deem more justified by credible or reliable evidence, even on a cold record.

I am not suggesting that it would be a good idea to reject record-supported recommendations from the trial court on a regular basis (or even very often). And we plainly do not. But it is a mistake to believe that we are prohibited from doing so even in the rare case. To deny our authority as a court of original jurisdiction is to relegate our status to that

_____

that he has filed directly with this Court.") (Emphasis supplied.)

[3] *See Ex parte Renier*, *supra*, at 358-59 (Teague, J., dissenting) (ordinarily, court to which writ is returnable, rather than the issuing court, performs any fact-finding function; but because Court of Criminal Appeals is "not equipped, let alone inclined, to hold evidentiary hearings or conduct immediate examinations of existing trial court records," Legislature developed procedure whereby convicting court "was charged with assembling the evidence and transmitting it to the court of return," *viz*:, this Court, which was given exclusive power to rule on the merits).

of a reviewing court.  That would be an abdication of our constitutionally and statutorily assigned authority and responsibility that I could not possibly condone.

Filed:          December 17, 2008
Publish