**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 14, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-12-00100-CR
NO. 14-12-00101-CR

_____

**IN RE WENDIYA KINCHIN, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**56th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 11CR3371 & 11CR3372**

---

## M E M O R A N D U M   O P I N I O N

On February 3, 2012, relator Wendiya Kinchin filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that the presiding judge of the 56th District Court of Galveston County has not set a hearing on two applications for writs of habeas corpus.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is

a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a trial judge refuses to issue a writ of habeas corpus or denies a hearing on the merits, the applicant may either present the application to another judge having jurisdiction, or "under proper circumstances" seek a writ of mandamus. *Ex parte Villanueva*, 252 S.W.3d 391, 304 (Tex. Crim. App. 2008).

The Texas Code of Criminal Procedure provides that "[t]he writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it [is] manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." Tex.Code Crim. Proc. art. 11.15. Relator has not provided this court with copies of the applications for writs of habeas corpus on which a hearing is requested. Accordingly, this court is unable to determine whether the trial court may have properly determined from the applications that relator was not entitled to relief. Relator also has not established that the applications were properly filed and brought to the trial court's attention. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).

2