**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:          Ex Parte Terry Lynn Spies

Appellate case number:        01-14-00925-CR

Trial court case number:      1343443-A

Trial court:                  337th District Court of Harris County

Appellant, Terry Lynn Spies, has perfected an appeal from the trial court's order denying appellant's application for a writ of habeas corpus. We abate the appeal and remand the cause to the trial court for further proceedings.

Although the trial court, held a hearing on appellant's application and signed a Court Directive Order denying "11.072 Writ," no findings of fact or conclusions of law are included in the order or with the clerk's record filed in this Court, as article 11.072, § 7(a) of the Texas Code of Criminal Procedure requires. We, therefore, remand the cause for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the trial court's denial of appellant's application for a writ of habeas corpus. *See Ex parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (quoting TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2014)) ("'If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous.'"; otherwise trial court is required to enter findings of fact and conclusions of law along with written order); *Ex parte Zantos-Cuebas*, 429 S.W3d 83, 91–92 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (remanding case for entry of findings of fact and conclusions of law after holding that trial court erred in denying application as frivolous). We direct the trial court to make the appropriate findings and conclusions.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law in conjunction with the denial of appellant's application for a writ of habeas corpus, and any other findings and recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: /s/ Russell Lloyd

          ☑ Acting individually    ☐ Acting for the Court


Date:  January 15, 2015