ACCEPTED
03-15-00290-CR
7214916
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/2/2015 4:39:06 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00290-CR

IN THE COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/2/2015 4:39:06 PM
JEFFREY D. KYLE
Clerk

RAFAEL HERNANDEZ-PRADO,
Appellant

v.

THE STATE OF TEXAS
Appellee

Appeal in Cause No. 9767A in the
33rd Judicial District Court of Burnet County, Texas

## *Response of Appellee to Motion to Abate*

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725, Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755     (325) 247-5274
g.bunyard@co.llano.tx.us

By: Gary W. Bunyard
    Assistant District Attorney
    State Bar No. 03353500
    ATTORNEY FOR APPELLEE

*Oral Argument Waived*

# I.
## HISTORY OF THE CASE

Appellant plead guilty on October 10, 2003, to the first degree felony offense of Burglary of a Habitation with Intent to Commit a Felony.   RR Vol. 2 Page 7. The trial court deferred entering a finding of guilty and placed Appellant on community supervision for a period of ten years.   RR Vol. 2 Page 11.   On October 1, 2013, the State of Texas filed a Request for Adjudication alleging specific violations of the terms of community supervision.   CR Vol. 1 [Cause No. 9767] Page 53.   On January 7, 2015, Appellant filed his application for post conviction application for writ of habeas corpus under art. 11.072 of the Texas Code of Criminal Procedure.   CR Vol. 1 [Cause No. 9767A] Page 81.   The trial court held an evidentiary hearing on February 13, 2015, where the trial court heard testimony from DPS Trooper Frank Randolph and then reset the matter for further proceedings. RR Vol. 3.   On March 25, 2015, the trial court heard further evidence and took the Request for Adjudication under advisement.   RR Vol. 4 Page 54.   The Application for Post Conviction Writ of Habeas Corpus was on this date denied in writing.   CR Vol. 1 [Cause No. 9767A] Page 86.

On May 4, 2015, the trial court found certain allegations of the State's Request for Adjudication to be True, revoked Appellant's community supervision, adjudicated Appellant's guilt on the offense of Burglary of a Habitation with Intent to Commit a Felony, and sentenced Appellant to serve a term of fifteen (15) years in the Institutional Division of the Texas Department of Criminal Justice. RR Vol. 5 Page 5.

Notice of Appeal of the denial of the art. 11.072 writ application was filed on May 8, 2015. CR Vol. 1 [Cause No. 9767A] Page 87.

## II.
## ISSUE AND AUTHORITY

Appellant requests that this Court abate this appeal until such time as the trial court makes findings of fact and conclusions of law in regard to its denial of Appellants art. 11.072 writ application.

This Court has authority to order the abatement of an appeal to allow the trial court to correct or amend defects or irregularities. Tex. R. App. Proc. Rule 44.3; See *Quattlebaum v. State*, unpublished opinion at No. 03-15-00488-CR (Tex. App. - Austin, 2015).

In the absence of findings of fact and conclusions of law the appellate court must presume that the trial court implicitly resolved all issues of historical fact and witness credibility in the light most favorable to its ultimate ruling. *State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013)(footnote 4).

A Notice of Appeal filed by a defendant must be filed within 30 days after the day sentenced is imposed or suspended in open court, or after the day the trial court enters an appealable order. Tex. R. App. Proc. Rule 26.2 (a)(1). An "applicant may appeal under Article 44.02 and Rule 31, Texas Code of Appellate Procedure" if the trial judge "denied the application in whole or in part." Villanueva v. State, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008).

## III.
## CONCLUSION

Appellant's counsel consulted with the undersigned prior to the filing of his Motion to Abate. The undersigned recognizes Mr. Prust's duty to his client in the need to ask this Court for the relief being requested as well as this Court's authority to either grant or deny such request. While there does appear to be an issue of jurisdiction considering the date the order denying the writ application was signed and the date of the filing of the Notice of Appeal, the undersigned would leave the

issue in the hands of this Court and would neither join nor oppose Appellant's Motion to Abate.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD & 424TH JUDICIAL DISTRICTS
Willy B. "Sonny" McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755    (325) 247-5274

By: _____
    Gary W. Bunyard
    Assistant District Attorney
    State Bar No. 03353500
ATTORNEY FOR THE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

This is to certify that the appropriate portions of the foregoing response contains 613 words according to the WordPerfect™ X7 word count tool.

_____
Gary W. Bunyard

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded on the 2nd day of October 2015, to Mr. Gary Prust, counsel for Appellant, by email and eserve.

Gary W. Bunyard