**AFFIRMED and Opinion Filed January 19, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00663-CR

## Ex Parte DIEGO BAILON SILVERIO

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-82038-2021**

## MEMORANDUM OPINION
Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Garcia

Appellant Diego Bailon Silverio, appeals from the denial of his post-conviction application for a writ of habeas corpus filed under Texas Code of Criminal Procedure art. 11.072. In two issues, appellant contends (i) that counsel's failure to provide accurate immigration advice, required under *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010), resulted in ineffective assistance of counsel and rendered his plea involuntary and (ii) the trial court abused its discretion by failing to consider the plea agreement as part of a packaged deal. We affirm the trial court's order.

## I. Background

Appellant pleaded guilty to driving while intoxicated. Punishment was set at two years' deferred adjudication probation pursuant to a plea bargain agreement.

Appellant had a felony possession of a controlled substance charge and a felony evading arrest in a motor vehicle charge pending at the time of the DWI. Trial counsel represented appellant in all three cases.

Appellant filed an application for writ of habeas corpus under article 11.072 of the Code of Criminal Procedure alleging he was not properly informed of the immigration consequences of his DWI plea. Specifically, appellant claimed that he "pleaded guilty to DWI only because his counsel failed to advise him that his plea would prompt his removal and hamper his ability to become a legal permanent resident." The affidavit of Mike Lee, an immigration expert, was attached to the habeas application.

The trial court conducted a hearing and took judicial notice of its file. Appellant, his trial counsel, and Lee testified. When the hearing concluded, the trial court denied the application and made findings of fact and conclusions of law. This appeal followed.

## II.  Analysis

### A.  Standard of Review

Code of Criminal Procedure Article 11.072 is "the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution" in cases involving an individual who is serving a term of community supervision. *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). Applicants for post-conviction habeas corpus relief must prove

their claims by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016).

In a post-conviction writ application filed pursuant to Article 11.072, the trial judge is the sole finder of fact. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). In this setting, we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor. *Id*. If, however, the trial court's determinations are questions of law, or mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we review them de novo. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014).

In reviewing the trial court's ruling on a habeas claim, we review the record evidence in the light most favorable to the trial court's ruling and must uphold the trial court's ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016).

**B.    Ineffective Assistance under *Padilla***

We begin with appellant's argument that the trial court abused its discretion by failing to consider the DWI plea as part of a package deal in which appellant was required to plead guilty to the DWI and the two felony offenses. Appellant maintains

the trial court erred by considering only whether the admonition applicable to the DWI case was sufficient under *Padilla.*

According to appellant, he was forced to accept a plea bargain in all three cases or not at all, and therefore we must consider the immigration admonition in the context of all three charges. But neither appellant nor his trial counsel testified that the DWI plea was part of an all or nothing deal.

Appellant's habeas application was based solely on his DWI plea and that is the only written plea agreement in our record.[1] The Lee affidavit attached to the application addresses only the implications of a DWI conviction. Thus, the record is clear that the purpose of the hearing was to consider whether counsel's advice to plead guilty to the DWI was adequate under *Padilla*.

Appellant insists that the trial court acknowledged that the pleas were "inextricably intertwined" and part of a package deal. These comments, however, were not based on any evidence presented at the hearing. Rather, the comments were made when the State objected to questions to Lee about the immigration consequences of the felony charges. In sustaining the objection, the trial court stated, "We're here on the DWI. That's the limitation of my jurisdiction." Under these

---

[1] The record of plea hearing conducted in the 380th District Court demonstrates that the plea was part of a package deal, but there is no indication that appellant was required to plead guilty in all three cases or none at all. Moreover, the record does not reflect that the plea hearing record from the 380th court was introduced into evidence or otherwise before this court in the habeas proceeding on the DWI.

–4–

circumstances, we cannot conclude the trial court abused its discretion by limiting consideration of the admonishment to the DWI plea.

We next consider whether the DWI admonishment was adequate under *Padilla.* Appellant argues the admonishment was deficient because the immigration consequences of his plea were clear. The record demonstrates otherwise.

An applicant for a post-conviction writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). To demonstrate that he is entitled to post-conviction relief based on ineffective assistance of counsel, an applicant must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 693 (1984). In the context of a collateral challenge to a guilty plea, the focus of the prejudice inquiry is on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process," and on whether a defendant has shown that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Sixth Amendment right to effective assistance of counsel requires counsel to correctly advise non-citizen clients about potential immigration law consequences, including deportation, exclusion from admission, and denial of

naturalization. *Padilla*, 559 U.S. at 366–67. If a criminal defendant has committed an offense that would trigger mandatory deportation upon conviction, counsel must correctly advise his client that the client faces mandatory deportation upon conviction or even placement on deferred adjudication. *Padilla*, 559 U.S. at 369; *Torres*, 483 S.W.3d at 44–45. It is not sufficient for counsel to advise appellant that he might be deported and recommend that he seek advice from an immigration lawyer. *Torres*, 483 S.W.3d at 45. When it is clear that being placed on deferred adjudication for the charged offense will result in removal proceedings, counsel's advice regarding those immigration consequences must be equally clear. *See Padilla*, 559 U.S. at 369.

Nonetheless, the *Padilla* court recognized that there will "undoubtedly be numerous situations when the deportation consequences of a particular plea are unclear or uncertain." *Id.* In such cases, counsel "need do no more than advise a noncitizen that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

Here, Lee testified that with a DWI, ninety percent of bond requests are denied in immigration court, and a DWI offense can be "taken into account" as a negative discretionary factor in deportation. Further, DACA holders lose DACA protection

for a DWI conviction and any detention period for the offense could be counted against the defendant in seeking residency or relief against removal.[2]

Lee acknowledged, however, that appellant was not on DACA, and there is no statutory directive requiring automatic deportation for a DWI conviction. When questioned by the trial judge, Lee clarified that not every DWI probationer is taken into U.S. Immigration and Customs Enforcement ("ICE") custody. Rather, ninety percent are denied bond in deportation proceedings.

Appellant testified that his lawyer never mentioned deportation, and if he had, he "never would have taken the deal." The trial court found that appellant was not credible.

Regarding potential deportation for the DWI, the trial court found that ". . . 'could' is the correct word to describe this defendant's situation." The record supports this finding. As demonstrated by Lee's testimony, the immigration consequences for a DWI are not automatic or clear.

Appellant's counsel testified that he advised appellant that he could face immigration consequences by pleading guilty to DWI. The trial court found that counsel was credible. Because the immigration consequences for a DWI conviction were not clear, the trial court correctly concluded that counsel's advice was sufficient. *See Padilla*, 559 U.S. at 369.

---

[2] Although not defined in the testimony, we understand the reference to "DACA" to refer to the federal "Deferred Action for Childhood Arrivals" rule.

We resolve appellant's issues against him and affirm the trial court's order.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47.2(b)
220663F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE DIEGO BAILON
SILVERIO

No. 05-22-00663-CR

On Appeal from the County Court at
Law No. 6, Collin County, Texas
Trial Court Cause No. 006-82038-
2021.
Opinion delivered by Justice Garcia.
Justices Carlyle and Miskel
participating.

Based on the Court's opinion of this date, the trial court's order is
**AFFIRMED**.

Judgment entered January 19, 2023