

# NUMBERS 13-22-00120-CR, 13-22-00121-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE JOSE ANTONIO SANCHEZ-HERNANDEZ

### On appeal from the County Court at Law No. 2
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña**
**Memorandum Opinion by Justice Silva**

Appellant Jose Antonio Sanchez-Hernandez a/k/a Jose Antonio Hernandez Sanchez unsuccessfully sought post-conviction habeas corpus relief from two misdemeanor convictions: possession of marijuana and unlawful carrying of a weapon. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (habeas application on misdemeanor conviction); TEX. HEALTH & SAFETY CODE ANN. § 481.121 (marijuana possession); TEX. PENAL CODE ANN. § 46.02 (unlawful carry).

On appeal, appellant contends—as he did in his habeas applications—that the judgments should be vacated because (1) at the time of his guilty pleas, he had no understanding of the English language, and this rendered his pleas of guilty involuntary; and (2) he is "actually innocent." The State, contesting only appellant's innocence claim, concedes that appellant's pleas were made involuntarily and asks that this Court reverse the convictions. Because we conclude the habeas court's orders of denial were not merit-based, we dismiss these appeals for want of jurisdiction.

## I. BACKGROUND

On or about August 8, 1992, following surveillance of a suspected cocaine operation, police executed a search warrant of a motel room in Brownsville, Texas. Officers seized marijuana, cocaine, and two semiautomatic handguns found in plain sight. Appellant, along with four other room occupants, was present at the time the warrant was executed. All those present denied ownership of the seized weapons and drugs, claimed to be undocumented non-U.S. citizens, and were subsequently arrested and charged. Appellant later pleaded guilty to two offenses relating to his arrest: unlawful carrying of a weapon in cause number 92-CCR-7304-B and possession of marijuana in cause number 92-CCR-7306-B.[1] The trial court sentenced appellant to ninety days' confinement in the county jail in both causes and ordered the sentences to run concurrently.

Nearly thirty years later, on December 6, 2021, appellant filed his amended application for writ of habeas corpus in both causes pursuant to Article 11.09, alleging:

---

[1] Appellant had also been indicted for possession of a controlled substance, namely, cocaine. This charge was later dismissed by the State.

2

(1) his pleas had been involuntary because he "did not have an adequate understanding of English[,] and the record does not show he was provided with a language interpreter"; and (2) he "is actually innocent." Affixed to appellant's habeas applications were copies of the clerk's records for his co-defendants' cases and for the underlying convictions he sought relief from in cause numbers 92-CCR-7304-B and 92-CCR-7306-B. The clerk's records for both cause numbers contained written waivers of counsel, waivers of jury trial, and pleas of guilty signed by appellant. No reporter's records relating to either cause number were attached, and no affidavits accompanied either of appellant's habeas applications.

At a hearing on appellant's habeas applications, the State notified the habeas court that it was "not contesting" either application. After accepting an announcement from appellant's habeas counsel, the habeas court declined to hear testimony from appellant and notified the parties that she would take the matter under advisement. The habeas court thereafter signed orders summarily denying appellant's habeas applications[2] and these appeals followed.

## II.    JURISDICTION

"[T]he writ of habeas corpus is an extraordinary remedy that is available only in the absence of an adequate remedy at law." *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017). Under Article 11.09, which exclusively concerns applications for writs of habeas corpus in misdemeanor proceedings involving confinement, *see* TEX. CODE CRIM. PROC. ANN. art. 11.09, an applicant bears the burden of proving, by a preponderance of

---

[2] The habeas court made no written findings of fact or conclusions of law.

3

the evidence, facts which show a cognizable irregularity and harm that would entitle him to relief. *Ex parte Lalonde*, 570 S.W.3d 716, 725 (Tex. Crim. App. 2019); *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). Imbued in this obligation is a requirement that is both elemental and jurisdictional: an applicant must demonstrate that he is confined or that he remains subject to collateral legal consequences resulting from his prior conviction. *See Ex parte Schmidt*, 109 S.W.3d 480, 481–83 (Tex. Crim. App. 2003) (en banc); *Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd) (noting that courts broadly define the "[t]he terms 'confinement' and 'restraint,' for habeas corpus purposes" and collecting cases illustrating collateral legal consequences resulting from prior convictions); *see also Ex parte Ferrara*, No. 13-21-00101-CR, 2022 WL 2348529, at *1 (Tex. App.—Corpus Christi–Edinburg June 30, 2022, no pet.) (mem. op., not designated for publication).

Significant here, the habeas court may deny an Article 11.09 habeas application without consideration of the application's merits. *See Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *see also Ex parte Paselk*, No. 06-14-00099-CR, 2014 WL 4922981, at *3 (Tex. App.—Texarkana Oct. 1, 2014, pet. ref'd) (mem. op., not designated for publication); *Ex parte Rodriguez*, No. 13-09-00645-CR, 2010 WL 3310210, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2010, no pet.) (mem. op., not designated for publication). When a court issues an order of denial without having considered the merits, "there is no right to appeal," and "[i]n such cases, the applicant has two remedies: first, to present the application to another trial judge with jurisdiction; or second, to file an application for a writ of mandamus." *Ex parte Villanueva*, 252 S.W.3d

at 394; *see also Ex parte Budow*, No. 05-18-01168-CR, 2018 WL 6322176, at *2 (Tex. App.—Dallas Dec. 4, 2018, no pet.) (mem. op., not designated for publication) ("In an 11.09 writ proceeding, when a trial court refuses to entertain the merits of a writ application, there is no right to appeal."); *Ex parte Herod*, No. 01-15-00494-CR, 2016 WL 1470079, at *1, *4 (Tex. App.—Houston [1st Dist.] Apr. 14, 2016, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing for want of jurisdiction where appellant's 11.09 application was denied without consideration of the merits); *Ex parte Paselk*, 2014 WL 4922981, at *3 (same). We review the entire appellate record to make the determination of whether a court's denial is merit-based. *See Ex parte Bowers*, 36 S.W.3d 926, 926–27 (Tex. App.—Dallas 2001, pet. ref'd); *see also Ex parte Nicholson*, No. 01-20-00751-CR, 2021 WL 497240, at *3 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication); *Ex parte Rodriguez*, 2010 WL 3310210, at *2.

The parties implicitly advocate for an affirmative merit-based finding.[3] Having reviewed the entire appellate record, we conclude otherwise. *See Ex parte Bowers*, 36 S.W.3d at 926–27; *see also Ex parte Rodriguez*, 2010 WL 3310210, at *2. Pursuant to Article 11.09, the impetus was on appellant to establish his entitlement to habeas relief by showing that he is either confined or remains subject to collateral legal consequences resulting from his prior conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09; *Ex parte Schmidt*, 109 S.W.3d at 481–83. Yet, the parties agree that appellant is not presently

---

[3] The parties jointly request that we reverse the habeas court and render orders granting appellant's requested relief, and neither party questions our jurisdictional authority to do so. Such action by this Court would be necessarily predicated on a finding that merit-based orders are before us.

5

confined, and no allegations or evidence of collateral consequences exist in either of appellant's habeas applications or attachments from which the habeas court could issue a merit-based denial following a finding of habeas jurisdiction. *See Ex parte Schmidt*, 109 S.W.3d at 481–83; *see also Ex parte Carbajal*, No. 08-19-00238-CR, 2021 WL 1050059, at *4 (Tex. App.—El Paso Mar. 19, 2021, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction and concluding that a habeas court's order of denial was not merit-based where appellant had failed to show restraint, a jurisdictional prerequisite). Moreover, though the habeas court held a hearing, it invited no testimony on the merits of appellant's applications, [4] and no exhibits were tendered for its consideration. *See Ex parte Bowers*, 36 S.W.3d at 926–27; *see also Ex parte Carbajal*, 2021 WL 1050059, at *4 (finding that the existence of a hearing on appellant's habeas application was not *ipso facto* determinative of whether a denial order was merit-based). Most significant, however, is that the habeas court's orders contain no factual or legal findings and instead summarily deny appellant's applications without addressing the basis for its denial. *See Ex parte Bowers*, 36 S.W.3d at 926–27; *see also Ex parte Rodriguez*, 2010 WL 3310210, at *2. Even assuming it "is likely that the [habeas] court's decision not

---

[4] At the habeas hearing, appellant's counsel informed the habeas court that appellant sought habeas relief because he was "in the process of applying for a [v]isa"—information appellant's habeas counsel stated that he had obtained from appellant's immigration counsel. However, counsel did not explicitly state that appellant's misdemeanor convictions would negatively affect that application. In any event, we are unable to consider appellant's counsel's statements as evidence of collateral consequences, and this information appears nowhere else in the record. *See State v. Lopez*, 631 S.W.3d 107, 115 (Tex. Crim. App. 2021) (observing that unsworn statements by counsel are not evidence); *State v. Guerrero*, 400 S.W.3d 576, 584–85 (Tex. Crim. App. 2013) (concluding the same in a habeas proceeding); *see also State v. Torres*, No. 13-19-00253-CR, 2020 WL 5051368, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2020, no pet.) (mem. op., not designated for publication) ("We also note that Torres's writ counsel did not represent Torres at the plea hearing and had no personal knowledge of the circumstances of the plea; therefore, any representations he made during the writ hearing were not part of the evidentiary record and could not serve as the basis for the trial court's ruling.").

to issue the writ was based, at least in part, on a determination that appellant's claims lacked merit, that alone does not entitle appellant to an appeal." *See Ex parte Pool*, 71 S.W.3d 462, 465 (Tex. App.—Tyler 2002, no pet.); *see also Ex parte Rodriguez*, 2010 WL 3310210, at *2 (observing the same).

Consequently, we conclude that the habeas court's orders of denial were not merit-based, and therefore, we are without appellate jurisdiction and must dismiss these appeals. *See Ex parte Villanueva*, 252 S.W.3d at 394; *see also Ex parte Herod*, 2016 WL 1470079, at *4 (dismissing for want of jurisdiction where the habeas court did not rule on the merits of the appellant's habeas Article 11.09 application); *Ex parte Paselk*, 2014 WL 4922981, at *3 (same); *Ex parte Rodriguez*, 2010 WL 3310210, at *2 (same). As a result of our disposition, appellant is not precluded from "present[ing] [his] application to another trial judge with jurisdiction[,]" or "fil[ing] an application for a writ of mandamus." *See Ex parte Villanueva*, 252 S.W.3d at 394; *see also* TEX. CODE CRIM. PROC. ANN. art. 11.09.

### III.    CONCLUSION

We dismiss these appeals for want of jurisdiction.

CLARISSA SILVA
Justice

Dissenting Memorandum Opinion
by Chief Justice Contreras.

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
1st day of June, 2023.

7