

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00600-CR

**EX PARTE** Rafael Alfaro **LEIJA**

From the County Court, Kinney County, Texas
Trial Court No. 10469CR
Honorable Tully Shahan, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Irene Rios, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 14, 2024

DISMISSED FOR WANT OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS
DENIED

Appellant, Rafael Alfaro Leija, appeals from the denial of his pretrial application for writ of habeas corpus. Leija further requests, in the event we determine we lack jurisdiction over his appeal, that we consider his appeal as a petition for writ of mandamus. Because we lack jurisdiction over his habeas appeal, we dismiss Leija's appeal for want of jurisdiction, consider his appeal as a mandamus petition, and conclude he is not entitled to relief.

### BACKGROUND

Leija, a noncitizen, was arrested and charged with criminal trespass as part of Operation Lone Star—a state initiative devoted to deterring unauthorized border crossings. *See* TEX. PENAL CODE ANN. § 30.05(a). Leija was subsequently released from custody on bond.

Leija alleges that after he was released on bond, the United States government removed him from this country.

Through counsel, Leija filed a pretrial application for writ of habeas corpus, seeking dismissal of the charges against him for purported violations of his right to due process and his right to counsel under the Fifth and Sixth Amendments to the Constitution. *See* U.S. CONST. amends. V, VI.[1] He argued the State coordinated his removal with the federal government, leaving him unable to return to the United States for his trial and thereby violating these rights.

In a hearing addressing several similarly situated defendants, including Leija, the trial court briefly discussed the defendants' pending applications for writs of habeas corpus. The trial court did not, however, issue a writ in Leija's case or hold a hearing on the merits of his application, but instead denied the application, finding it was "manifest from the Application for Pretrial Writ of Habeas Corpus itself that [Leija was] not entitled to the relief requested[.]"

On appeal, Leija originally asserted the same issues he presented to the trial court in his habeas application: while released on bond after his arrest, his subsequent removal from the United States prevented his appearance at certain pretrial hearings and his jury trial and therefore violated his due process rights and his right to counsel. However, following this court's decision in *Ex parte Dominguez Ortiz*, 668 S.W.3d 126 (Tex. App.—San Antonio 2023, no pet.) (en banc) (op. on reh'g), Leija filed a supplemental brief,[2] abandoning his claims explicitly precluded by *Dominguez Ortiz* and requesting "a new form of relief and address[ing] a difference in procedural posture than the one existent in *Ex parte [Dominguez] Ortiz*."

---

[1] Leija also asserted claims under article I, sections 10 and 19 and article V, section 1 of the Texas Constitution; however, he did not separately argue his state and federal constitutional claims or argue that the Texas Constitution provides different or broader protections than the United States Constitution. Therefore, consistent with binding precedent, we address Leija's claims solely on federal constitutional grounds. *See Bohannan v. State*, 546 S.W.3d 166, 179 n.7 (Tex. Crim. App. 2017); *Jackson v. State*, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999).

[2] Leija filed a motion for leave to file a supplemental brief concurrently with his supplemental brief. We granted the motion and accepted Leija's supplemental brief as well as the State's response thereto.

Specifically, Leija raised the following new issue:

> Whether it is manifest on the face of [Leija]'s application for habeas corpus that he is entitled to no relief as a matter of law without the issuance of his writ to develop his claim when he alleges his right to compel trial has been violated due to his removal from and his inability to enter the country?

Based on this new issue, Leija requests his case be remanded to allow him to develop his claim in a hearing on the merits of his habeas application. In the alternative, Leija requests that, in the event this court does not order his case remanded, we construe his appeal as a petition for a writ of mandamus.

## JURISDICTION

We must first determine whether we have jurisdiction over this appeal. *See Ex parte Villanueva*, 252 S.W.3d 391, 393–94 (Tex. Crim. App. 2008); *Ex parte Pool*, 71 S.W.3d 462, 465 (Tex. App.—Tyler 2002, no pet.).

*A. Applicable Law*

A pretrial habeas corpus proceeding is a separate criminal action, distinct from the underlying criminal prosecution. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005). Whether a trial court's disposition in a habeas proceeding may be appealed depends on whether the trial court considered and resolved the merits of the habeas application. *See id*. at 650; *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.). If the trial court considers and rules on the merits of a habeas claim, the losing party may appeal, regardless of whether the court formally issued a writ. *See Villanueva*, 252 S.W.3d at 394, 395; *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397; *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd) (citing *Nichlos v. State*, 255 S.W.2d 522, 526 (Tex. Crim. App. 1952) (op. on reh'g)). But if the trial court refuses to issue

a writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claim or claims, the applicant has no right to appeal. *See Villanueva*, 252 S.W.3d at 394; *Hargett*, 819 S.W.2d at 868; *Ex parte Garcia*, ___ S.W.3d ___, No. 04-22-00473-CR, 2023 WL 8102426, at *2–3 (Tex. App.—San Antonio Nov. 22, 2023, no pet.) (en banc).

We may review the entire record to determine whether the trial court ruled on the merits of a habeas application. *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd).

*B. Application*

In this case, it is undisputed that the trial court did not issue the writ. Further, although the trial court briefly discussed the habeas applications filed by Leija and several similarly situated habeas applicants with the applicants' counsel and the State, the trial court stated that it was not going to hold hearings on the applications because the applicants were not within the United States and "if they're not in the United States, makes it a moot point in my opinion." Finally, the trial court found, in denying Leija's habeas application, that it was "manifest" from the application that Leija was not entitled to the relief he requested.

Consequently, we conclude that neither the trial court's order nor anything else in the record reflects that the trial court considered or expressed an opinion on the merits of Leija's specific habeas claims. *See Garcia*, 2023 WL 8102426, at *3; *Purchase*, 176 S.W.3d at 407; *Bowers*, 36 S.W.3d at 927. In fact, the trial court's statement that the habeas applications filed by Leija and the other similarly situated habeas applicants were moot indicates that the trial court did not consider and rule on the merits of Leija's habeas application. *See Gen. Land Off. of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990) (stating that courts have no jurisdiction to decide the merits of a moot case absent an exception to the mootness doctrine).

Because our review of the entire record establishes that the trial court did not rule on the merits of Leija's habeas application, we lack jurisdiction to review his appeal. *See Villanueva*, 252 S.W.3d at 394; *Hargett*, 819 S.W.2d at 868; *Garcia*, 2023 WL 8102426, at *3.

### REQUEST TO TREAT HABEAS APPEAL AS A MANDAMUS PETITION

We may, in certain circumstances, treat an appeal as a petition for writ of mandamus, if specifically requested to do so by the appellant. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011); *Hodge v. Kraft*, 490 S.W.3d 510, 516 n.2 (Tex. App.—San Antonio 2015, no pet.). As stated above, Leija specifically requests that we construe his appeal as a mandamus petition if we determine the trial court's order is not appealable and do not remand for a hearing to develop his case based on the new issue presented in his supplemental brief. We will therefore consider Leija's appeal as a petition for writ of mandamus.

In *Ex parte Garcia*, we treated Garcia's appeal as a petition for writ of mandamus and considered whether Garcia was entitled to mandamus relief. 2023 WL 8102426, at *3–5. In his original appellate brief, Garcia argued that "his release from jail on bond and subsequent removal from the United States prevented his appearance at certain pretrial hearings and his jury trial thereby violating his due process rights and his right to counsel." *Id*. at *4. Garcia further argued, in a supplemental brief, that his right to compel trial had been violated by his removal from the country, and we construed Garcia's issue in his supplemental brief as an argument that his right to a speedy trial had been violated. *Id*. Relying on *Ex parte Dominguez Ortiz*, we determined that Garcia was not entitled to mandamus relief based on the arguments in his original brief. *Id*. (citing *Dominguez Ortiz*, 668 S.W.3d at 134–40). We further determined that because Garcia had failed to raise an issue regarding his right to compel trial in the trial court and had not requested relief from the trial court by presenting a motion to dismiss based on his right to a speedy trial, he was

not entitled to mandamus relief based on the issue presented in his supplemental brief. *Id*. at \*4–5. We therefore denied Garcia's mandamus petition. *Id*. at \*5.

Leija's claims in this case are identical to those we addressed in *Ex parte Garcia*. Further, Leija, like Garcia, failed to raise an issue regarding his right to compel trial in the trial court and has not requested relief from the trial court by presenting a motion to dismiss based on his right to a speedy trial. Therefore, for the reasons described in *Ex parte Garcia*, we deny Leija's request for mandamus relief.

## CONCLUSION

Because the trial court's denial of Leija's habeas application was not based on the merits, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at Leija's request, treat his appeal as a petition for writ of mandamus. Finally, for the reasons described in *Ex parte Garcia*, we deny Leija's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Irene Rios, Justice

DO NOT PUBLISH