COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:         Ex parte Jaime Alexander Blanco

Appellate case number:     01-17-00383-CR

Trial court case number:    96-DCR-027953

Trial court:                         240th District Court of Fort Bend County

Appellant, Jaime Alexander Blanco, through counsel, prematurely filed his notice of appeal on March 9, 2017, from the order on writ of habeas corpus and motion to set aside plea agreement, signed by the trial court on May 25, 2017, denying his habeas corpus application filed under Texas Code of Criminal Procedure Articles 11.072 and 11.08. *See* TEX. R. APP. P. 27.1(b). Appellant alleges that his 1996 guilty plea should be set aside because, although it was done before *Padilla v. Kentucky*, 559 U.S. 356 (2010), it was not knowingly, intelligently, and voluntarily taken under the plea principles under *Strickland v. Washington*, 466 U.S. 668 (1984).

On May 30, 2017, the clerk's record was filed in this Court, but no trial court's certification of appellant's right of appeal was filed. *See* TEX. R. APP. P. 25.2(a)(2). On June 13, 2017, the Clerk of this Court issued a notice directing the district clerk to file a supplemental clerk's record containing the trial court's certification of the appellant's right of appeal of the order on writ of habeas corpus and motion to set aside plea agreement. *See id.* 25.2(d), 34.5(a)(12), (c)(1)–(2), 37.1. On July 20, 2017, the district clerk filed a supplemental clerk's record containing, among other things, an affidavit of the deputy district clerk stating that no such trial court's certification has been filed there.

In addition, the district court heard testimony at a writ hearing on February 21, 2017, denying relief on the record that day, and the writ hearing record was filed in this Court on June 5, 2017. Although the district court signed the written order on the writ of habeas corpus on May 25, 2017, no findings of fact or conclusions of law were entered in that order, or included with the clerk's record filed on May 30, 2017, as required by Article 11.072. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West 2015).

Accordingly, the Court sua sponte **ABATES** the appeal and **REMANDS** for the district court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the order on writ of habeas corpus and motion to set aside plea agreement, signed on May 25, 2017. *See Ex Parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) (reversing and remanding the habeas denial because "[i]f the [trial] court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous," but "[t]he trial judge is required to enter findings of fact and conclusions of law along with a written order in all other cases") (citing, *inter alia*, TEX. CODE CRIM. PROC. art. 11.072, § 7(a)); TEX. R. APP. P. 44.4(b).

Furthermore, the district court is **ORDERED** to execute a certification of appellant's right to appeal, indicating whether appellant has the right to appeal the order on writ of habeas corpus and motion to set aside plea agreement, signed on May 25, 2017, including the findings of fact and conclusions of law to be entered. *See* TEX. R. APP. P. 25.2(a)(2).

The district court shall make the appropriate findings and conclusions and enter a certification of appellant's right of appeal and shall cause them to be filed with the district clerk **within 15 days** of the date of this order. We further order the clerk to file a second supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court **within 20 days** of the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the second supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually   ☐ Acting for the Court

Date: July 25, 2017