Terry Jennings, Justice, dissenting.
Because I would abate this appeal and remand the cause to allow the trial court to make additional findings of fact and conclusions of law in light of the Texas Court of Criminal Appeals's opinion in Ex parte Torres , 483 S.W.3d 35 (Tex. Crim. App. 2016), I respectfully dissent.
Appellant, Jose E. Duque, challenges the trial court's order denying his application for a writ of habeas corpus from an order deferring adjudication of his guilt for the felony offense of assault of a family member[1] and placing him on community supervision for two years. Appellant contends that he is entitled to habeas relief because his trial counsel rendered ineffective assistance by not advising him of the immigration consequences associated with his guilty plea.
The Sixth Amendment guarantees the right to the reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST . amend. VI ; Garcia v. State , 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). In Padilla v. Kentucky , the United States Supreme Court reasoned that, as a matter of federal law, "deportation is an integral part-indeed, sometimes the most important part-of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes" and warranted recognition of Sixth Amendment protections in this context. 559 U.S. 356, 364-66, 130 S.Ct. 1473, 1480-81, 176 L.Ed.2d 284 (2010). And the court held that the Sixth Amendment requires a criminal defendant's attorney to provide advice about the risk of deportation arising from a guilty plea. Id. at 366, 130 S.Ct. at 1482.
To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
*153 Strickland v. Washington , 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984) ; Ex parte Torres , 483 S.W.3d at 43. In regard to guilty pleas, the focus of the prejudice inquiry is "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" and there is a reasonable probability that, but for counsel's errors, appellant would have pleaded "not guilty" and insisted on a trial. Hill v. Lockhart , 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) ; see Lopez v. State , 428 S.W.3d 271, 278 (Tex. App.-Houston [1st Dist.] 2014, pet. ref'd).
In Ex parte Torres , the court of criminal appeals held "that the Hill standard appropriately governs the prejudice inquiry in the context of an ineffective-assistance-of counsel claim under Padilla , " 483 S.W.3d at 47. The court observed that, in Padilla , the Supreme Court "suggest[ed] that, in order to obtain relief on such a claim, an applicant who demonstrates deficient performance would not automatically be entitled to relief, but instead would be required to 'convince the court that a decision to reject the plea bargain would have been rational under the circumstances.' " Id. at 47-48 (quoting Padilla , 559 U.S. at 372, 130 S.Ct. at 1473 ). The court of criminal appeals adopted this language from Padilla "as part of the relevant prejudice standard." Id. at 48. Thus, to establish prejudice, a habeas applicant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Id. (internal quotations omitted).
The court noted that, in a prejudice inquiry, courts have considered the evidence supporting the applicant's assertions, the likelihood of the applicant's success at trial, the risks the applicant would have faced at trial, the benefits received from the plea bargain, and the trial court's admonishments to the applicant. Id. Finally, the court "caution[ed] that, to show that a decision to reject the plea bargain would have been rational under the circumstances, it is not dispositive that an applicant show that he would have received a more favorable disposition had he gone to trial," and it noted that "an alien defendant might rationally be more concerned with removal than with a term of imprisonment." Id. (internal quotations omitted). If "the totality of the circumstances indicate that a defendant has placed a particular emphasis on the immigration consequences of a plea in deciding whether or not to accept it, this may constitute a circumstance that weighs in favor of a finding of prejudice." Id. at 48-49.
On original submission in this case, we affirmed the trial court's order denying appellant's requested habeas relief, concluding that he had not shown that "but for the alleged deficient conduct by plea counsel, there was a reasonable probability that [appellant] would have gone to trial." Ex parte Duque , No. 01-15-00014-CR, 2015 WL 5450530, at *9 (Tex. App.-Houston [1st Dist.] Sept. 15, 2015) (mem. op., not designated for publication), judgm't vacated , No. PD-1344-15, 2016 WL 1383854 (Tex. Crim. App. Apr. 6, 2016) (not designated for publication). On appellant's petition for discretionary review, the court of criminal appeals vacated our judgment and remanded the case to this Court "to consider the effect of Torres , if any, on [our] reasoning and analysis" because we had issued our opinion "without the benefit of" Ex parte Torres. Ex parte Duque , 2016 WL 1383854, at *1.
In his sole issue after remand, appellant argues that the trial court erred in denying his application for a writ of habeas corpus because his counsel did not provide him with "accurate legal advice" and advise him that "his deportation was a virtual legal certainty" under federal immigration *154 law. As to the prejudice prong, appellant asserts "that a closer look to the totality of the circumstances surrounding his case, would show that it would have been rational for him to reject the State's plea bargain offer to either secure an immigration friendly plea bargain, or to take his case to trial." The majority concludes:
Given the totality of the circumstances, and the habeas court's credibility assessments, the record supports the habeas court's implied finding that [a]ppellant failed to show that a decision to reject the plea bargain would have been rational under the circumstances. The record further supports an implied finding that [a]ppellant had not demonstrated a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. That is, the record supports a determination that [a]ppellant was not prejudiced by his counsel's deficient performance.
(Emphasis added.) (Internal quotations, footnote, and citations omitted.) The majority overrules appellant's issue and affirms the trial court's order denying the requested habeas relief.
In doing so, the majority specifically notes that the trial court made an express finding that "the [appellant's] assertion that he would not have pled guilty but for the alleged deficient conduct but would have insisted on going to trial is not credible." And, the majority notes the court of criminal appeals's conclusion in Ex parte Torres that "the court of appeals erred by failing to defer to the habeas court's implicit fact findings." 483 S.W.3d at 46. Here, however, the court of criminal appeals expressly remanded the case to this Court to consider the effect of the opinion in Ex parte Torres , if any, on our reasoning and analysis. Ex parte Duque , 2016 WL 1383854, at *1. Although in reviewing a trial court's order denying habeas relief, we generally defer to implied findings and conclusions supported by the record, here remand is appropriate to allow the trial court to make any additional findings and conclusions necessary in light of Ex parte Torres. See State v. Mendoza , 365 S.W.3d 666, 670-71 (Tex. Crim. App. 2012) (discussing, in context of appellate review of motion to suppress, approach of presuming trial court "made all possible implied findings of fact that are supported by the record," but "more prudent" to remand case for "findings of fact with greater specificity").
Rather than rely on "implied" findings of fact in this instance, I would abate the appeal to allow the trial court to make the actual and complete findings and conclusions necessary to a fair and proper disposition of appellant's issue. In an article 11.072 habeas proceeding, unless a trial court determines that the application is frivolous, the trial court has a statutory duty to sua sponte enter findings of fact and conclusions of law. TEX. CODE CRIM. PROC. ANN . art. 11.072, § 7(a) (Vernon 2015) ; Ex parte Villanueva , 252 S.W.3d 391, 396 (Tex. Crim. App. 2008) ; Ex parte Zantos-Cuebas , 429 S.W.3d 83, 88 (Tex. App.-Houston [1st Dist.] 2014, no pet.). In considering a trial court's ruling on a motion to suppress, the court of criminal appeals has held that when a trial court had made specific findings and conclusions sua sponte, the court "assumed an obligation to make findings and conclusions that were adequate and complete, covering every potentially dispositive issue." State v. Elias , 339 S.W.3d 667, 676 (Tex. Crim. App. 2011) (citing State v. Cullen , 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) ). When a trial court has not done so, remand may be appropriate. See Mendoza , 365 S.W.3d at 673 ; Elias , 339 S.W.3d at 676-77 (citing TEX. R. APP. P . 44.4).
*155 Here, the trial court entered findings of fact and conclusions of law and denied appellant's requested relief but it, like this Court, did not have the benefit of Ex parte Torres. A preferable course, therefore, would be to abate the appeal and remand the cause to allow the trial court to make the actual and complete findings of fact and conclusions of law necessary in light of Ex parte Torres. See Elias , 339 S.W.3d at 677 (citing TEX. R. APP. P . 44.4) ; see generally TEX. R. APP. P . 31.2 ("The sole purpose of the appeal is to do substantial justice to the parties."), 31.3 (providing appellate court will "make whatever orders the law and the nature of the case require"). In this way, we "need not presume, assume, or guess at what historical facts" the trial court may have found if it had considered Ex parte Torres. Mendoza , 365 S.W.3d at 670-71 ; see Ex parte Zantos-Cuebas , 429 S.W.3d at 91-92 ("Express findings of fact are of particular importance in the article 11.072 context since trial judges deciding applications are allowed to 'rely on the court's personal recollection,' the contents of which would otherwise be untraceable on the written record." (quoting TEX. CODE CRIM. PROC. ANN . art. 11.072, § 6(b) ) (Vernon 2015)).
Because the Texas Court of Criminal Appeals remanded the case to us "to consider the effect of Torres , if any," I would abate the appeal and remand the cause to the trial court with instructions "to consider the effect of Torres , if any" and make the actual and complete findings of fact and conclusions of law necessary to a fair and proper disposition of the issue presented. Because the majority does not do so, I respectfully dissent.

See Tex. Penal Code Ann . § 22.01(a) (Vernon Supp. 2016).