**Reversed and Remanded and Memorandum Opinion filed March 8, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

NO. 14-10-00978-CR

## EX PARTE MARLEY OMAR GARCIA

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1061861-B

## MEMORANDUM OPINION

Appellant Marley Omar Garcia appeals the trial court's denial of his application for a writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). Without reaching the merits of appellant's contentions, we reverse the trial court's order and remand for further proceedings.

### BACKGROUND

On September 19, 2009, the trial court entered an order of deferred adjudication on appellant's plea of guilty to a charge of sexual assault and placed appellant on

community supervision.[1]  On June 24, 2010, represented by new counsel, appellant filed an application for a writ of habeas corpus pursuant to article 11.072.  *See id.*

In his application, appellant alleged that trial counsel rendered ineffective assistance of counsel.  Specifically, appellant complained that trial counsel (1) failed to investigate, interview, and subpoena witnesses, (2) failed admonish him that his guilty plea could result in deportation;[2] (3) failed to take into account his state of "intoxication" as a defense to the sexual assault charge;[3] and (4) allowed him to register as a sex offender even though the order of deferred adjudication states that "Sex Offender Registration Requirements do not apply to the Defendant."

The State did not file a response to appellant's application.  The trial court did not receive evidence, hear argument, or otherwise conduct a hearing on appellant's application.  On September 30, 2010, appellant filed a notice of appeal in the trial court, pointing out that the State had not filed an answer to his application, and stating that the trial court was obligated to file a written order granting or denying the relief sought in his application not later than the 60th day after the date on which the State's answer is filed. Appellant asserted that "[t]he time for the court to rule on the Writ pursuant to the Texas Code of Criminal Procedure has approached with no action by this Court."  Appellant further stated that, because the failure of the trial court to rule on his application was deemed a denial, he was appealing that denial to this court.

On September 30, 2010, the same day that appellant filed his notice of appeal, the trial court signed an order stating:  "ON THE 30th day of September, 2010, came to be

---

[1] The order of deferred adjudication inconsistently states that appellant's term of community supervision is for four years and two years.

[2] Appellant alleged that he was eligible to become a legal permanent resident through his mother, but, because of his guilty plea, he is subject to removal from this country.

[3] Appellant further alleged that he was on "several powerful anti-psychotic drugs that impaired his ability to comprehend the nature of proceedings or consequences of entering a guilty plea."  Appellant also alleged that "such drugs rendered [him] incapable of forming the intent required of the alleged crime."

heard Defendant's Application for Writ of Habeas Corpus, and the Court being of the opinion that his Application for Writ of Habeas Corpus be: . . . DENIED, to which ruling Defendant excepts."

ANALYSIS

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." *Id.* § 1. The State may not file an answer after the 30th day after the date of service, except that for good cause the convicting court may grant the State one 30-day extension. *Id.* § 5(c). However, the State is not required to file an answer. *Id.* § 5(b). "Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application." *Id.* § 6(a). "In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Id.* § 6(b). If a hearing is ordered, the hearing may not be held before the eighth day after the day on which the applicant and the State are provided notice of the hearing. *Id.* § 6(c). "If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order." *Id.* § 7(a). If the application is denied in whole or part, the applicant may appeal under Article 44.02 of the Texas Code of Criminal Procedure and Rule 31 of the Texas Rules of Appellate Procedure. *Id.* § 8.

The legislature intended article 11.072 to provide the exclusive means by which the district courts exercise their original habeas corpus jurisdiction in cases involving an individual who is either serving a term of community supervision or who has completed a

3

term of community supervision. *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008).

Under article 11.072, the court must enter a written order granting or denying the relief sought, that is, an order reaching the merits of the writ application. *Ex parte Ali*, Nos. 03-10-00206-CR, 03-10-00207-CR, 2010 WL 5376860, at *2 (Tex. App.—Austin Dec. 16, 2010, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6). The trial court did not find that appellant is "manifestly entitled to no relief" and deny his application as "frivolous." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a). Nor did the trial court include findings of fact and conclusions of law in its order. *See id.* Therefore, the trial court did not follow the procedures set forth in article 11.072. *See Ex parte Ali*, 2010 WL 5376860, at *2 ("It does not appear that the procedures specified by article 11.072 were followed below. Insofar as the trial court's orders purport to deny issuance of the writ without addressing the merits of the applications, they are inconsistent with article 11.072, sections 4(a) and 6, and they do not comply with 7(a).").[4]

Without addressing the merits of the issues raised in this appeal, we reverse the trial court's order denying appellant's application for a writ of habeas corpus, and remand for proceedings consistent with this opinion.


/s/     Sharon McCally
         Justice



Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[4] Each order denying the applications in *Ex parte Ali* stated: "The Court having reviewed the Application with the attached exhibits and the court file finds the Application should in all respects be DENIED. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED the Applicant's relief requested in the Application for Writ of Habeas Corpus is DENIED." 2010 WL 5376860, at *2.