In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00339-CR**
_____

**EX PARTE MARITZA DELSONGA RODRIGUEZ**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-12-13384-CR(2)**

**MEMORANDUM OPINION**

For a subsequent-habeas writ applicant to receive a merits review on a claim seeking relief from a trial court's order that placed an applicant on community supervision, the applicant must show the facts or law establishing her claim "have not been and could not have been presented" when the applicant first sought to overturn the order based on the applicant's original request for habeas relief.[1] Maritza Delsonga Rodriguez invokes that exception, arguing the legal basis she used

_____
[1] Tex. Code Crim. Proc. Ann. art. 11.072, § 9(a).

1

to support her second application for habeas relief was unavailable when she filed her original application.

The habeas court that heard Rodriguez's initial application denied the application, and on appeal, we affirmed.[2] Subsequently, Rodriguez filed a second application seeking habeas relief. In it, she raised two issues, arguing her plea was involuntary because her attorney failed to inform her before she pleaded guilty that being placed on community supervision could affect her status as a resident alien. The habeas court denied Rodriguez's second application, and she appealed.[3]

In her first issue, Rodriguez argues the habeas court erred when it found she failed to prove that, but for trial counsel's deficient performance, she would have rejected the plea bargain agreement she was offered by the State and gone to trial. In her second issue, Rodriguez argues the trial court erred by concluding the legal basis for her habeas claim could not have been presented because it was unavailable when she filed her original application requesting habeas relief.[4]

---

[2] We resolved Rodriguez's appeal from the habeas court's ruling on her original application in *Ex parte Rodriguez*, No. 09-13-00148-CR, 2013 WL 4773934 (Tex. App.—Beaumont Sept. 4, 2013, no pet.) (mem. op., not designated for publication). Rodriguez did not file a petition for discretionary review.

[3] Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (authorizing the applicant to appeal the denial of a ruling on a habeas applicant's petition for relief).

[4] *Id*. art. 11.072, § 9(b) ("For purposes of Subsection [9](a), a legal basis of a claim is unavailable on or before a date described by that subsection if the legal basis

We conclude Rodriguez's second application violates the requirements of article 11.072, section 9(a).[5] We affirm the trial court's order denying Rodriguez's request for relief.

## Background

In 2011, the State charged Rodriguez with possessing marijuana, a third-degree felony.[6] In January 2012, Rodriguez reached a plea bargain agreement with the State, offering to plead guilty in return for the State's agreement to recommend that the court place her on deferred-adjudication community supervision for three years. When the court heard her plea, it agreed to carry out the recommended punishment, accepted Rodriguez's plea that she was guilty of the crime, but deferred adjudicating her guilt and placed Rodriguez on community supervision.

In September 2012, Rodriguez filed an application for a writ of habeas corpus, alleging her plea was involuntary. Rodriguez claimed that her attorney, before she pleaded guilty, failed to conduct a proper investigation into her case or to advise her

---

was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.").

[5] *Id*. § 9(a) (providing that a habeas court may not grant relief on the basis of a subsequent application when the current claim and issues could have previously been presented in the applicant's original application).

[6] *See* Tex. Health & Safety Code Ann. § 481.121(b)(4).

3

about the consequences that pleading guilty would have on her status as a resident alien. According to Rodriguez, she would have rejected the plea bargain the State offered to her had she realized she could be deported.[7]

In February 2013, the trial court denied Rodriguez's first application seeking to overturn the order the trial court entered after Rodriguez pleaded guilty to possession of a controlled substance, marijuana. Although Rodriguez appealed, we affirmed.[8]

In July 2019, Rodriguez filed her second application seeking habeas relief. In that application, Rodriguez alleged her plea in 2012 had been involuntary because her attorney failed to "properly advise her regarding the immigration consequences of her plea, as required under *Padilla v. Kentucky*[.]"[9] She argued that in her 2019 application, she could not have used the same arguments she used in 2012 because *Lee v. United States*[10] changed the law on how evidence on a *Padilla* claim is reviewed. We note the Supreme Court decided *Lee* five years after Rodriguez filed her first application seeking habeas relief.

---

[7] *See Padilla v. Kentucky*, 559 U.S. 356 (2010).

[8] *See Ex parte Rodriguez*, 2013 WL 4773934, at *3-4.

[9] The record shows Rodriguez relied on *Padilla* when she filed her original petition seeking relief.

[10] *See Lee v. U.S.*, 137 S.Ct. 1958 (2017).

When the habeas court considered Rodriguez's second application, it disagreed with her claim that *Lee* changed the law. Rejecting the second application, the habeas court explained: "[T]he Supreme Court's holding in *Lee* . . . did not establish a legal basis for habeas relief that could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before the date [Rodriguez] filed her first post-conviction writ application."[11]

Article 11.072

Article 11.072 of the Texas Code of Criminal Procedure provides the exclusive means for a district court's exercise of original habeas jurisdiction in cases where a court has placed a defendant on community supervision after deferring a finding of guilt.[12] The statute prohibits courts from granting relief on subsequent applications unless the applicant, in the second proceeding, establishes the claims and issues she seeks to raise were not and could not have been presented when she filed her first application seeking habeas relief.[13]

---

[11] Tex. Code Crim. Proc. Ann. art. 11.072, § 9(b).

[12] *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008).

[13] Tex. Code Crim. Proc. Ann. art. 11.072, § 9(a).

5

For the purposes of article 11.072, the legal basis for a claim is unavailable "if the legal basis was not recognized by and could not have been reasonably formulated from a final decision" of a higher court in the applicant's previously considered application for habeas relief.[14] When the habeas court rejected Rodriguez's first application, she triggered the restrictions of article 11.072, which apply to all subsequent applications for relief from orders courts use to place individuals on deferred-adjudication community supervision.[15]

*Was the legal basis for Rodriguez's claim*
*available when she filed her first writ application?*

To prevail on her second application for habeas relief, Rodriguez was required to show the law relevant to her decision to plead guilty had materially changed since she filed her original application for habeas relief in 2012.[16] Rodriguez argues the law changed regarding how courts must review the applicant's evidence on claims alleging ineffective assistance of counsel after the court ruled on her first habeas

---

[14] *Id.* § 9(b). A factual basis of a claim is unavailable if it was not ascertainable through the exercise of reasonable diligence at the time of the initial application. *Id.* § 9(c). Rodriguez submitted a new affidavit with the subsequent application but she does not argue that her subsequent petition provides a previously unavailable factual basis for her claim that her plea was involuntary due to counsel's failure to advise her about the immigration consequences of her plea.

[15] *See Ex parte Salazar*, 510 S.W.3d 619, 630 (Tex. App.—El Paso 2016, pet. ref'd).

[16] Tex. Code Crim. Proc. Ann. art. 11.072, § 2(b).

case.[17] But the cases Rodriguez relies on do not support her argument that the law relevant to her claim changed in a way material to the law in 2012, the year she first sought to overturn her plea. Instead, the cases Rodriguez cites show the opposite—the law that applies to her claim alleging ineffective assistance of counsel did not change.

Under *Strickland v. Washington*, a habeas applicant claiming ineffective assistance of counsel must demonstrate both (1) deficient performance by counsel falling below an objective standard of reasonableness, and (2) prejudice that resulted from counsel's errors.[18] In *Hill v. Lockhart*, a case decided in 1985, the Supreme Court explained how *Strickland* applies to a court's review of the evidence when an applicant for habeas relief raises an ineffective assistance of counsel claim.[19] In *Hill*, the Court explained that a collateral challenge seeking to overturn a guilty plea requires the habeas court to decide whether counsel's constitutionally deficient performance affected the outcome of the plea process.[20] *Hill* instructs that to make

---

[17] *Id*. art. 11.072, § 9(a).

[18] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[19] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[20] *Id*.

7

that call, the court must determine whether, "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."[21]

*Padilla*, decided in 2010—two years before Rodriguez pleaded guilty—held that a defendant's claim of ineffective assistance, when based on the advice the attorney gave the defendant about how the plea would affect the defendant's immigration status, was not categorically removed from the right to effective counsel guaranteed under the Sixth Amendment.[22] *Padilla* made it clear that attorneys representing defendants in criminal cases must inform their clients about whether pleading guilty risks the client's deportation.[23] And finally, *Padilla* explained that when the defendant pleads guilty and then collaterally challenges the voluntariness of the plea, he or she must show prejudice.[24]

According to Rodriguez, *Lee*, a case the Supreme Court decided in 2017, changed the law on how courts review the evidence relevant to a defendant's *Padilla* claim.[25] In *Lee*, the defendant alleged his attorney told him, before he pleaded guilty

---

[21] *Id.*

[22] *Padilla*, 559 U.S. at 365 (citing *Strickland*, 466 U.S. 668).

[23] *Id.* at 374.

[24] *Id.*

[25] *Lee*, 137 S.Ct. at 1962.

8

that the Government would not deport him should he plead guilty. Lee, who was not a citizen of the United States, pleaded guilty but later filed a habeas application challenging the voluntariness of his plea. Urging the Supreme Court to adopt a *per se* rule that defendants without viable defenses to a criminal charge can't challenge the voluntariness of their pleas, the Government argued that Lee could not have been prejudiced simply because he did not get a trial.[26]

In *Lee*, the Court noted "a defendant who has no realistic defense to a charge supported by sufficient evidence will be unable to carry his burden of showing prejudice from accepting a guilty plea" and "common sense (not to mention our precedent) recognizes that there is more to consider than simply the likelihood of success at trial." Rejecting the Government's argument urging the Court to adopt a *per se* rule, the Supreme Court stated that categorical rules do not govern a court's assessment of prejudice, explaining that appellate courts must review evidence on a case-by-case basis and consider the circumstances that led to the defendant's plea.[27] The *Lee* Court noted "the Government overlooks []the inquiry [] prescribed in *Hill v. Lockhart* focuses on a defendant's decisionmaking, which may not turn solely on the likelihood of conviction after trial." The Court suggested that courts in habeas

---

[26] *Id.* at 1966.

[27] *Id.*

proceedings should examine contemporaneous evidence to evaluate claims alleging the defendant's plea was involuntary because counsel allegedly failed to provide proper advice about the possible immigration consequences associated with the plea.[28]

Like *Padilla*, *Lee* requires habeas courts to make a normative decision on a case-by-case basis in deciding whether an applicant seeking habeas relief would have rejected a plea bargain agreement and chosen instead to go to trial. Thus, *Lee* did not change the standard that courts are required to use when reviewing *Strickland* claims: instead, *Lee* merely applied existing law to Lee's appeal in the context of his challenge to the voluntariness of his plea.

Turning to Rodriguez's first habeas proceeding, Rodriguez argues we failed to apply the standard of review in the manner required in *Lee*. We disagree. *Lee* did not change the standard of review identified in *Hill* and *Strickland*. Neither this Court, nor the habeas court that considered Rodriguez's first habeas case, refused to consider the circumstances that surrounded her plea when evaluating her ineffective assistance of counsel claim.[29] And even had we not applied the proper standard of

---

[28] *Id.* at 1967.

[29] *Rodriguez*, 2013 WL 4773934, at *3.

10

review to Rodriguez's first appeal, Rodriguez could have corrected that error had she pursued an appeal.[30]

Unable to squeeze a change in the law from *Lee*, Rodriguez asks this Court to "reconsider her previous writ application on [our] own initiative." But this Court's plenary power over the judgment in Rodriguez's first appeal has expired.[31] For that reason, we cannot alter our judgment in Appellate Cause Number 09-13-00148-CR.[32] We overrule Rodriguez's second issue.

Next, we turn to Rodriguez's first issue, which argues that this Court should overturn the ruling the habeas court made in 2019 on the merits of Rodriguez's ineffective assistance claim. We decline to entertain her argument. Article 11.072 section 9 provides that "a court may not consider the merits of or grant relief based on the subsequent application" when the applicant fails to establish that "the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application."[33] The factual and legal basis for Rodriguez's claims have not changed between now and 2012.

---

[30] *See generally* Tex. R. App. P. 68.

[31] *See id*. 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment.").

[32] *Rodriguez*, 2013 WL 4773934, at *1.

[33] *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 9.

11

For the reasons explained above, the trial court's order denying Rodriguez's application in Trial Court Cause Number 11-12-13384-CR(2) is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 23, 2020
Opinion Delivered February 12, 2020
Do Not Publish

Before Kreger, Horton and Johnson, JJ.