**Appeal Dismissed and Memorandum Opinion filed August 12, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00859-CR

---

## EX PARTE LUIS DANIEL RABAJO

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 0570001B**

---

## MEMORANDUM OPINION

In 2016, appellant Luis Daniel Rabajo filed an application for writ of habeas corpus seeking to set aside his guilty plea for third-degree felony possession of methamphetamine and the corresponding order of deferred adjudication and community supervision. *See* Tex. Code Crim. Pro. Ann. art. 11.072; Tex. Health & Safety Code Ann. § 481.102(6). In 2017, the trial court ruled in Rabajo's favor based on ineffective assistance of counsel, vacating his guilty plea and order of deferred adjudication and community supervision. In 2018, we affirmed the trial court's finding as to ineffective assistance of counsel, but remanded to the trial court to determine whether Rabajo's claim was barred by laches. *See Ex parte*

*Rabajo*, No. 14-17-00689-CR, 2018 WL 3580597, at \*2–3 (Tex. App.—Houston [14th Dist.] July 26, 2018, no pet.) (mem. op., not designated for publication). This is an attempted appeal from the order signed by the trial court on July 26, 2019, recommending that the Texas Court of Criminal Appeals deny the habeas relief sought by Rabajo.

When a writ of habeas corpus seeks relief from an order or a judgment of conviction ordering community supervision, "the trial court shall enter a written order granting or denying the relief sought in the application." Tex. Code Crim. Proc. Ann. art. 11.072 §§ 1, 6(a). The July 26, 2019, order states: "Accordingly, the Court *recommends* to the Court of Criminal Appeals that relief be denied." *See id.* art. 11.07, §§ 3, 5 (outlining procedure for writ of habeas corpus when the applicant seeks relief from a felony judgment imposing a penalty other than death, and providing that "the Court of Criminal Appeals may deny relief upon the findings and conclusions of the hearing judge").

On July 20, 2021, the parties were notified the appeal would be dismissed for lack of jurisdiction unless a party demonstrated this court has jurisdiction. On July 27, 2021, Rabajo filed a motion to dismiss the appeal, but the motion is not signed by Rabajo, as required by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 42.2(a). Accordingly, we DENY Rabajo's motion to dismiss.

Nevertheless, because the order signed by the trial court does not grant or deny Rabajo's writ of habeas corpus, we lack jurisdiction over the appeal. *See id.* art. 11.072 § 8 ("If the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure."); *Ex parte Evans*, 611 S.W.3d 86, 88 (Tex. App.—Waco 2020, no pet.) ("Because there is no final order denying Evans's application for writ of habeas corpus to be appealed, we therefore lack jurisdiction to entertain Evans's appeal from such

order."); *see also Ex parte Villanueva*, 252 S.W.3d 391, 395–96 (Tex. Crim. App. 2008). Therefore, we dismiss the appeal for want of jurisdiction.


PER CURIAM


Panel consists of Justices Wise, Hassan, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).