**Order entered February 13, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00027-CR

## EX PARTE ANGEL GUADALUPE TORRES

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. WX19-90191-J**

## ORDER
Before Justices Myers, Schenck, and Carlyle

By opinion dated January 24, 2020, we dismissed this appeal from an article 11.072 writ application because appellant did not file a notice of appeal and no notice of appeal appeared in the records of the Dallas County District Clerk. On January 27, 2020, appellant filed a motion for rehearing to which he attached a notice of appeal bearing a file stamp from the Dallas County District Clerk dated October 11, 2019. In his motion for rehearing, appellant states: "The hearing on the Writ occurred on or about September 20, 2019. The Court failed to issue a written decision or findings of fact."

A court of appeals has no jurisdiction over an 11.072 habeas appeal until the trial court signs a written order and the habeas applicant files a timely notice of appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 §§ 6–8; TEX. R. APP. P. 25.2(a)(2), (b), 26.2(a), 31; *Ex parte Villanueva*, 252 S.W.3d 391, 395–96 & n. 42–45 (Tex. Crim. App. 2008). If the Court lacks

jurisdiction, we have no choice but to dismiss the appeal without taking further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

It appears at least one of the preconditions to this Court's jurisdiction has been met and is not reflected in the district clerk's records. To establish the status of the Court's jurisdiction, we **ORDER** the trial court to conduct a hearing and make findings of fact about the status of this habeas case. The trial court is directed to conduct such inquiries and to enter such orders as are necessary to establish whether there is a final appealable order in this case, whether findings of fact have been filed, and whether appellant has filed a notice of appeal. If the trial court determines a notice of appeal has been filed, the trial court shall take such steps as are necessary to see that the filing of the notice of appeal is reflected properly in the district clerk's records.

The trial court is **ORDERED** to file a clerk's record within **THIRTY DAYS** of the date of this order containing (1) its findings regarding the status of a final order, findings of fact, and the notice of appeal; (2) a final written order adjudicating appellant's writ application, if one has been signed; (3) any written findings of fact pertaining to the habeas writ that have been filed by the trial court; and (4) the notice of appeal, if the trial court determines that one has been filed.

The Court will **DEFER** ruling on appellant's motion for rehearing until it receives the trial court's findings on the status of the case.

We **ABATE** the appeal to allow the trial court to comply with the above order. The appeal shall be reinstated when the findings are received or at such other time as the Court deems appropriate.

/s/     LANA MYERS
JUSTICE