# NO. 12-20-00255-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *LISA DAVIS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Lisa Davis, Relator, requests a writ of mandamus directing the trial court to issue a writ of habeas corpus in Cause Number 20-2443-A.[1]  We deny Relator's petition.

## BACKGROUND

Relator was charged by indictment with state jail felony possession of a controlled substance.  Pursuant to a plea bargain agreement with the State, she pleaded "guilty," and the trial court deferred a finding of guilt and placed her on community supervision for a term of two years.  Subsequently, the State filed a motion to adjudicate Relator's guilt. Relator's new counsel filed an application for writ of habeas corpus under code of criminal procedure Article 11.072 in the trial court, asserting that her prior counsel was ineffective because (1) the evidence was insufficient to support a conviction and (2) counsel failed to move to suppress evidence in the case. Respondent denied the application.  On November 6, 2020, Relator filed a notice of appeal to challenge this denial.[2]  Relator then filed this original proceeding on November 12.

---

[1] The Respondent is the Honorable Kerry L. Russell, Judge of the 7th Judicial District Court in Smith County, Texas.  The Real Party in Interest is the State of Texas.

[2] That appeal remains pending with this Court.

## ISSUANCE OF WRIT

In Relator's first issue, she contends that Respondent abused his discretion by failing to issue the writ after she filed her application. Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072 § 1 (West 2005). An application filed under Article 11.072 "must be filed with the clerk of the court in which community supervision was imposed." *Id.* § 2(a) (West 2005). A writ of habeas corpus "issues by operation of law" when the application is filed. *Id.* § 4(a) (West 2005).

When Relator filed her application for writ of habeas corpus in the trial court, the writ issued by operation of law. *See id.* Respondent acknowledged the writ's issuance by denying Relator's writ application. *See **Ex parte Villanueva***, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008) (writ effectively issued where trial judge did not formally issue writ but ruled on the merits). Because the writ issued by operation of law, Relator's request to direct Respondent to issue the writ is moot, and she is not entitled to mandamus relief as to this issue. *See id.*; *see also **In re Bonilla***, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (there is nothing to mandamus when relief sought is moot).

## AVAILABILITY OF MANDAMUS

In Relator's second issue, she argues that Respondent abused his discretion by looking outside the four corners of her writ application before denying it as frivolous. In Relator's third issue, she argues that Respondent abused his discretion by entering findings of fact and conclusions of law despite the State's failure to file an answer. In Relator's fourth issue, she argues that appeal is an inadequate remedy because (1) she will be imprisoned if the trial court grants the State's motion to adjudicate her guilt and revokes her community supervision, and (2) if she can show that ineffective assistance of counsel rendered her plea involuntary, the State's motion to adjudicate "evaporates."

In a criminal case, a relator is entitled to mandamus relief only if she establishes that (1) she has no adequate remedy at law, and (2) the act she seeks to compel is ministerial. ***In re ex rel. Weeks***, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013); ***Bowen v. Carnes***, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011). If a trial judge denies an Article 11.072 application in whole or in

part, "the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure." TEX. CODE CRIM. PROC. ANN. art. 11.072 § 8 (West 2005). Thus, we conclude that Relator has an adequate remedy at law. *See id.* And we cannot say that the remedy by appeal is so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be inadequate. *See Weeks*, 391 S.W.3d at 122-23. Relator has already filed an appeal with this Court and that appeal is accelerated, with her brief currently due on February 22, 2021. *See* TEX. R. APP. P. 31.1 (prescribing accelerated timetable for appeals in habeas corpus proceedings), 31.2 (requiring appeal in habeas corpus proceeding to be "heard at the earliest practicable time"). Therefore, because the law specifically affords Relator an appellate remedy to challenge Respondent's denial of her habeas application, she fails to satisfy the mandamus requirement of having no adequate remedy at law. *See Weeks*, 391 S.W.3d at 122; *Bowen* 343 S.W.3d at 810.

## DISPOSITION

Having determined that Relator failed to establish her entitlement to mandamus relief, we *deny* the petition for writ of mandamus.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 29, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**January 29, 2021**

**NO. 12-20-00255-CR**

**LISA DAVIS,**
Relator
V.

**HON. KERRY L. RUSSELL,**
Respondent

---

## ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Lisa Davis, who is the relator in appellate cause number 12-20-00255-CR and the defendant in trial court cause number 20-2443-A, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on November 12, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4