COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON
ORDER OF CONTINUING ABATEMENT


Appellate case name:            Ex parte Tiffany Marie Dunkle

Appellate case number:        01-23-00046-CR

Trial court case number:       0996707A

Trial court:                             183rd District Court of Harris County

Appellant, Tiffany Marie Dunkle, has a filed a notice of appeal of the trial court's March 22, 2019 order denying her application for writ of habeas corpus. Although the clerk's record contains a signed, written order denying appellant's application for writ of habeas corpus, the clerk's record does not include a copy of the trial court's certification of appellant's *right of appeal from the order denying her application for writ of habeas corpus*. *See* TEX. R. APP. P. 25.2(a)(2), (d). On January 31, 2023, this Court abated appellant's appeal and remanded the case to the trial court for the trial court to execute a certification of appellant's right to appeal that complied with Texas Rule of Appellate Procedure 25.2(d) and indicated whether appellant had the *right to appeal from the trial court's March 22, 2019 order denying her application for writ of habeas corpus*. *See* TEX. R. APP. P. 25.2(a)(2), (d), 37.1.

The Texas Rules of Appellate Procedure require the trial court to certify a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). "The denial of an application for writ of habeas corpus arising from a community-supervision case is an appealable order." *Ex parte Mortland*, Nos. 03-10-00449-CR, 03-10-00450-CR, 2011 WL 255764, at *1 (Tex. App.—Austin Jan. 27, 2011, no pet.) (mem. op., not designated for publication); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8; *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008); *Ex parte King*, No. 03-18-00062-CR, 2018 WL 3849468, at *3 (Tex. App.—Austin Aug. 14, 2018, no pet.) (mem. op. and order, not designated for publication).

On February 2, 2023, the trial court clerk filed a supplemental clerk's record containing a certification stating that this was "a plea-bargain case, and [appellant] ha[d] NO right of appeal." This certification does not conform to the record on appeal. *Cf. Ex parte King*, 2018 WL 3849468, at *3; *Ex parte Mortland*, 2011 WL 255764, at *1. Although appellant entered a plea-bargain agreement for the underlying offense, the appeal here concerns the trial court's March 22, 2019 denial of her application for writ of habeas corpus under Texas Code of Criminal Procedure article 11.072. There is nothing in the record that indicates that appellant does not have a right to appeal from the trial court's denial of her application for writ of habeas corpus. Because the trial court's certification does not accurately reflect appellant's right of

appeal in this habeas case, it is defective. *See Ex parte King*, 2018 WL 3849468, at *3; *Ex parte Mortland*, 2011 WL 255764, at *1.

The Court is required to "examine a certification for defectiveness" and obtain a corrected certification if the certification appears to be defective. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); *Ex parte King*, 2018 WL 3849468, at *3; *Ex parte Mortland*, 2011 WL 255764, at *1. Accordingly, we direct the trial court to execute an amended certification of appellant's right to appeal that complies with Texas Rule of Appellate Procedure 25.2(d) and that accurately reflects appellant's *right to appeal from the trial court's March 22, 2019 order denying appellant's application for writ of habeas corpus.*

The trial court clerk is directed to file a supplemental clerk's record containing an amended certification of appellant's right of appeal from the order denying her application for writ of habeas corpus. The supplemental clerk's record shall be filed with this Court **no later than 30 days from the date of this order**. *See* Tex. R. App. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
      ☑ Acting individually    ☐ Acting for the Court

Date: February 7, 2023