

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00691-CR

The **STATE** of Texas,
Appellant

v.

Fernando **ROQUIEL-TOPOF**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2022CVK001352D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 30, 2023

AFFIRMED

The State appeals the trial court's order granting Fernando Roquiel-Topof habeas relief. We affirm.

### BACKGROUND

As part of Operation Lone Star, Roquiel-Topof, a noncitizen, was arrested for trespassing on private property in Webb County. He filed an application for writ of habeas corpus seeking dismissal of the criminal charge based on a violation of his state and federal rights to equal protection. Specifically, Roquiel-Topof asserted that the State of Texas was engaging in selective

prosecution because only men were being charged with misdemeanor criminal trespass. After holding a hearing at which the State argued the claim was not cognizable, the trial court granted his requested relief. The State appeals. We affirm.

## DISCUSSION

In *State v. Del Campo-Chavez*, we considered a State's appeal from a grant of habeas relief to a male OLS defendant who sought dismissal of his misdemeanor criminal trespass charge on equal protection grounds. ___ S.W.3d ___, No. 04-22-00737-CR, 2023 WL 4916433, at *2 (Tex. App.—San Antonio Aug. 2, 2023, no pet. h.). Del Campo-Chavez argued the State selectively prosecuted him on the basis of his gender. *See id*. The State responded that the trial court lacked jurisdiction, Del Campo-Chavez's equal protection claim based on gender was not cognizable, and Del Campo-Chavez failed to carry his burden to prove the prosecution was motivated by a discriminatory purpose. *See id*. (citing *Ex parte Aparicio*, No. 04-22-00623-CR, 2023 WL 4095939, at *1, *8–12 (Tex. App.—San Antonio June 21, 2023, pet. filed) (en banc); *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded by statute on other grounds as stated in Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008)). Relying on *Ex parte Aparicio*, we rejected the State's arguments and affirmed the trial court's order. *Id*. at *2, 3.

The State's claims in this case are identical to those we addressed in *Del Campo-Chavez*. For the reasons described in that opinion, and in *Ex parte Aparicio*, we affirm the trial court's order granting habeas relief.

Beth Watkins, Justice

DO NOT PUBLISH