

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00209-CR
_____

EX PARTE JOSE CRUZ BATISTA-GARCIA

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 12439CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Jose Cruz Batista-Garcia appeals the trial court's order denying his application for a writ of habeas corpus. Because we are bound to follow the precedent of the Fourth Court of Appeals in this transfer case, we must reverse the trial court's order and remand the cause for further proceedings.[1]

## I.      Factual and Procedural Background

As part of Operation Lone Star (OLS), Batista-Garcia, a noncitizen, was arrested for trespassing on private property in Kinney County, Texas. He filed an application for a writ of habeas corpus seeking dismissal of the criminal charge based on a violation of his rights under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 3(a). Specifically, Batista-Garcia argued that the State's selective prosecution of men, and not similarly situated women, for criminal trespass as part of OLS violated his state and federal equal protection rights.

In response, "[t]he State stipulate[d] that women are not prosecuted for trespass as part of Operation Lone Star, even when they are found trespassing." Batista-Garcia's application included the affidavit of Tom Schmerber, the Sheriff of Maverick County, Texas, who swore that he "was told by [the Department of Public Safety] that only men would be arrested on criminal trespass charges" and that "no women would be arrested for criminal trespass." Schmerber

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Fourth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

added, "I was told by [the Department of Public Safety] it was their policy that women would not be arrested for criminal trespass."

Without conducting an evidentiary hearing, on September 16, 2023, the trial court denied Batista-Garcia's application for a writ of habeas corpus stating, "[U]pon review of the Application allegations and the Court taking Judicial Knowledge of the filings in this cause, the application for Writ to bring the defendant to the Court is denied without further hearing[2] and requested relief is denied."[3]

## II.     The Order Denying Habeas Relief Must Be Reversed Pursuant to the Precedent of the Fourth Court of Appeals

Batista-Garcia argues that the trial court erred in denying his relief on his selective-prosecution equal protection claim, emphasizing that his claim is cognizable. *See Ex parte Antonio-Santiago*, No. 04-22-00628-CR, 2023 WL 5603201, at *3 (Tex. App.—San Antonio Aug. 30, 2023, no pet.) (mem. op., not designated for publication) (citing *Ex parte Aparicio*, 672 S.W.3d 696, 707, 713 (Tex. App.—San Antonio 2023, pet. granted) (en banc)). This is "the same controlling issue" reviewed by the San Antonio Court of Appeals in prior cases. *Ex parte*

---

[2]Although the order denied the matter "without further hearing," the record establishes, and the State concedes, that there was no evidentiary hearing.

[3]As a preliminary matter, we address our jurisdiction. The trial court's order in this case specifies that it "(1) heard and considered [Batista-Garcia's] habeas application, (2) based its ruling on its [review] of the application" and its allegations, "(3) denied it without an evidentiary hearing, and (4) explained its reasoning." *Ex parte Barahona-Gomez*, No. 04-23-00230-CR, 2023 WL 6285324, at *1 (Tex. App.—San Antonio Sept. 27, 2023, no pet.) (mem. op., not designated for publication). As did the Fourth Court of Appeals in *Ex parte Barahona-Gomez*, we conclude that the trial court ruled on the merits and that, as a result, we have jurisdiction over this appeal. *Id.* (citing *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Ex parte Villanueva*, 252 S.W.3d 391, 395–96 (Tex. Crim. App. 2008), ("clarifying an appellate court has jurisdiction over an appeal of a trial court's denial of an application for writ of habeas corpus regardless of whether the trial court refuses to issue the writ or conduct an evidentiary hearing if the trial court 'under[takes] to rule on the merits of the application'" (alteration in original))).

*Barahona-Gomez*, 2023 WL 6285324, at \*2 (citing *Ex parte Aparicio*, 672 S.W.3d at 708–09); *see Ex parte Antonio-Santiago*, 2023 WL 5603201, at \*2. Even so, "[w]ithout conducting an evidentiary hearing, the trial court denied [Batista-Garcia's] application for writ of habeas corpus asserting his equal protection rights."[4] *Ex parte Barahona-Gomez*, 2023 WL 6285324, at \*2.

Following the decisions of the Fourth Court of Appeals, "we reverse and remand this habeas proceeding for an evidentiary hearing to allow [Batista-Garcia] to present a prima facia [sic] case of a selective-prosecution equal protection claim." *Id.* "If [Batista-Garcia] satisfies his burden, the State should then be allowed to present its evidence supporting why the State's discriminatory classification was justified . . . ." *Id.* (citing *Ex parte Aparicio*, 672 S.W.3d 696).

"On remand, the trial court should make specific findings of fact and conclusions of law setting out its rulings on whether [Batista-Garcia] met his prima facia [sic] case of a selective-prosecution equal protection claim." *Id.* at \*3. "If [Batista-Garcia] satisfies his burden, the trial court should make further findings of fact and conclusions of law whether the State met its burden of proof to justify its discriminatory treatment of [Batista-Garcia] at the time of his arrest." *Id.*

---

[4]According to the precedent of the Fourth Court of Appeals, the trial court's conclusion was incorrect. *See id.* (citing *Ex parte Aparicio*, 672 S.W.3d at 716).

## III.    Disposition

We reverse the trial court's order denying Batista-Garcia's requested relief on his application for a writ of habeas corpus and remand the cause for further proceedings consistent with the precedent of the Fourth Court of Appeals.

Charles van Cleef
Justice

Date Submitted:    November 30, 2023
Date Decided:      December 1, 2023

Do Not Publish